Argued and submitted April 16, affirmed October 13,
reconsideration denied November 13, 1980,
petition for review allowed February 4, 1981

DeLAY,
*Appellant,*
*v.*
MARATHON LeTOURNEAU SALES
AND SERVICE COMPANY, et al,
*Respondents.*

(No. A7811 18426, CA 15905)

618 P2d 11

Bernard Jolles, Portland, argued the cause for appellant. On the brief were William B. Aitchison and Jolles, Sokol & Bernstein, P.C., Portland.

Paul R. Duden, Portland, argued the cause for respondents. With him on the brief was Tooze, Kerr, Marshall & Shenker, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff through his guardian ad litem brought this action for injuries he sustained on May 27, 1977, when he fell from a log stacker manufactured and sold by defendants. As the basis of his cause of action plaintiff alleges that the log stacker was dangerously defective because it contained no cage or safety device to prevent plaintiff's fall and that defendants were negligent in selling the log stacker to his employer, the Stimson Lumber Company, in that condition.

The trial court entered judgment for defendants on their motion for summary judgment on the ground that the statute of ultimate repose, ORS 12.115(1), had expired prior to the commencement of his action and was not tolled by plaintiff's insanity which was a consequence of his fall from the log stacker. We affirm.

The log stacker was manufactured on July 10, 1968, and was sold to Stimson's sister company on July 19, 1968, where it remained in use for several years prior to being shipped to plaintiff's employer. On May 27, 1977, while working on the machine, plaintiff sustained head injuries which both parties agree resulted, concurrently with the fall, in his "insanity."[1]

Plaintiff commenced this action on November 13, 1978, less than two years after his cause of action accrued as required by ORS 12.110 but more than ten years after the manufacture and sale of the log stacker.

ORS 12.115(1) provides:

"In no event shall any action for negligent injury to person or property of another be commenced more than ten years from the date of the act or omission complained of."[2]

---

[1] *See* page 3 *infra.*

[2] ORS 30.905 provides:

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section, a product liability civil action shall be

■ The act or omission referred to by ORS 12.115(1) and complained of here is defendant's manufacture of the log stacker and its negligent sale. *Josephs v. Burns and Bear,* 260 Or 493, 496, 491 P2d 203 (1971). While plaintiff's complaint contains allegations both of negligence and defective manufacture, giving rise to liability without proof of negligence under Restatement of Torts 402A, it is settled that the ten-year limitation of ORS 12.115(1) applies to both theories. *Johnson v. Star Machinery Co.,* 270 Or 694, 709, 530 P2d 53 (1974). Plaintiff does not challenge either of these two propositions but contends that the running of the ten-year statute of ultimate repose was tolled by ORS 12.160(2) which provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.260, 109.100 or 109.125 is:

"* * * * *

"(2) Insane * * *

"* * * * *

"The time of such disability shall not be part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

■ Based upon affidavits of plaintiff's treating and examining physicians, the trial court concluded that a factual issue existed as to plaintiff's insanity at the time his cause of action accrued but that plaintiff's disability under ORS 12.160 did not prevent the

commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) A product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

This statute became effective on January 1, 1978, Or Laws 1977, ch. 843, § 3, and applies only to causes of action accruing after December 31, 1977. *See Baird v. Electro Mart,* 47 Or App 565, 615 P2d 335 (1980).

running of the ten-year statute of limitations and that plaintiff was therefore barred from commencing this action.

Plaintiff points out that the tolling provisions of ORS 12.160 apply to any action mentioned in ORS 12.070 to 12.260, and that ORS 12.110 is within that group of statutes. From this premise plaintiff argues that the two-year period for the commencement of this action was tolled. This much may be conceded. We do not agree with plaintiff's argument that once the two-year period for the commencement of this action was tolled, plaintiff could only be barred after the tolling provisions of ORS 12.160 had been exhausted.

The difficulty with plaintiff's position is that here there are two statutes of limitations operating simultaneously but triggered by different events. While the general two-year statute of limitations of ORS 12.110 and the tolling provisions of ORS 12.160 both refer to the *accrual* of the cause of action, the ten-year statute of ultimate repose commences to run as of the date of the *act or omission complained of,* here, the manufacture and sale of the log stacker.

Plaintiff suggests that this case is one of first impression in Oregon, and it is true that no case has dealt with the effect of the tolling provisions of ORS 12.160 on the statute of ultimate repose. The path we are to take, however, has been made clear by the Supreme Court.

In *Josephs v. Burns & Bear, supra,* the Supreme Court reviewed the legislative history of ORS 12.110(4), providing a period of ultimate repose for medical malpractice claims, and ORS 12.115 passed during the same legislative session. In discussing the genesis of ORS 12.110(4) and ORS 12.115(1), the court stated:

> "This court held in *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966) that the statute of limitations in a medical malpractice case, involving a foreign object left in the body cavity of a surgery patient, did not commence to run until such time as the object was

discovered, or, in the exercise of reasonable care, should have been discovered by the patient. The legislature reacted to this decision by enacting Oregon Laws 1967, Chapter 406, Section 1 (ORS 12.110(4)), which limited the bringing of a malpractice action to a period within two years from the time the injury was discovered or should have been discovered, and to within an over-all seven-year period from the time of the treatment, omission or operation upon which the action was based.

"In addition, it is apparent from the legislative history that the members of the legislature recognized that the rationale of *Berry* might be equally applicable to a host of other situations in which a defendant's negligence went understandably undetected until after the pertinent statutes of limitation had expired. We believe that this recognition resulted in the inclusion of ORS 12.115(1) in the same 1967 legislative enactment which contained the medical malpractice limitation, and that it was thus intended to provide an over-all maximum upper limit on the time within which a tort action could be brought, regardless of the date of discovery or of any other circumstances.

"* * * * *

"* * * It is our belief that the legislature chose as preferable to the amendment the enactment in one bill of ORS 12.110(4) relating specifically to medical malpractice claims and of ORS 12.115(1) relating generally to other tort claims. ORS 12.115(1) left the discovery rationale of *Berry* intact, should this court subsequently choose to apply the *Berry* rationale to torts other than medical malpractice, but prescribed an ultimate cut-off date in any event for the commencement of tort claims litigation.

"* * * * *

"Plaintiffs also contend that ORS 12.115(1) is tolled during the time when plaintiffs could not have reasonably discovered the defects complained of. We believe that this contention is foreclosed by the obvious legislative response to *Berry* by the enactment of ORS 12.115(1) and 12.110(4), described previously. Also, the words, ' *In no event* shall any action * * * be commenced more than 10 years * * *' (emphasis ours),

used in ORS 12.115(1), indicate plainly that the limitation was to be effective regardless of circumstances." 260 Or 496-501.

In *Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1974), the court discussed the applicability of the statute of ultimate repose to a wrongful death action. There the personal representative brought the action within three years after the decedent's death but more than ten years after the manufacture and sale of the defective product. The court reviewed the policy reasons behind the enactment of statutes of ultimate repose.

"In general, there are usually two reasons which are advanced as justification for the imposition of such statutes. The first concerns the lack of reliability and availability of evidence after a lapse of long periods of time. This rationale primarily protects defendants who, without prior notice of pending claims, would necessarily find it extremely difficult, if not impossible, to mount a defense because of the nonpreservation of evidence and the disappearance or death of witnesses after a long lapse of time. However, the reliability of plaintiff's evidence relating to long-past occurences, transactions or conditions is also a relevant feature.

"The second rationale concerns the public policy of allowing people, after a lapse of a reasonable time to plan their affairs with a degree of certainty, free from the disruptive burden protracted and unknown potential liability [citations omitted].

"These rationales are obviously applicable without regard to whether or not undetected damage had occurred at the time of the original negligence. The existence of such damage at the time of the original negligence is irrelevant to the application of the statute and its underlying policies, and we so held in *Josephs.* " 270 Or at 700-01.

The court held that the plaintiff's wrongful death action was barred by the statute of ultimate repose even though the action was otherwise timely commenced.

Here plaintiff's action was commenced within two years after the cause of action accrued but

more than ten years after the act or omission complained of. As noted by the Supreme Court in *Josephs v. Burns & Bear, supra:*

> "When considered in the milieu of this court's opinions and the statute's legislative history, the apparent meaning of ORS 12.115(1) is confirmed, and it becomes clear that the inability of the damaged party to bring an action was not intended to prevent the running of the statutory period." 260 Or at 496.

We conclude that plaintiff's disability was not a circumstance preventing the running of the statute of ultimate repose.

Affirmed.