Argued and submitted September 25, 1981,
reversed and remanded January 25, 1982

## KEARNEY,
*Appellant,*

*v.*

## MONTGOMERY WARD & CO., INC.,
*Respondents.*

### (No. 16-80-06635, CA A20059)

639 P2d 682

David A. Vinson, Eugene, argued the cause and filed the briefs for appellant.

Ausey H. Robnett, III, Eugene, argued the cause for respondents. With him on the brief were Richard W. Butler and Thwing, Atherly & Butler, Eugene.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff appeals the judgment of dismissal entered in favor of defendants in this product liability action. Defendants contend that the complaint showed on its face that the action was barred by the applicable statute of limitations, ORS 30.905(2). Plaintiff, a minor, contends that the statute is tolled during his minority by ORS 12.160. We agree and reverse.

This action arises from an incident which occurred on May 30, 1978, when plaintiff was injured while riding a bicycle manufactured by defendant Huffy Corporation and sold by defendant Montgomery Ward & Co., Inc. Plaintiff was 14 years old at the time of the accident. Suit was filed on his behalf on July 19, 1980.

ORS 30.905 provides:

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) A product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

Although this action was commenced more than two years after the injury complained of occurred,[1] plaintiff contends that the quoted limitation period is tolled during his minority pursuant to ORS 12.160, which provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.260, 109.100 or 109.125 is:

"(1) Within the age of 18 years,

"* * * * *

"the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

---

[1] The bicycle on which plaintiff was injured was purchased on December 23, 1976. The eight-year limitation period provided in subsection (1) of ORS 30.905 is not at issue in this case.

Plaintiff contends that his product liability action is "an action mentioned" in ORS 12.110(1):

"An action for assault, battery, false imprisonment, criminal conversation, *or for any injury to the person or rights of another not arising on contract, and not especially enumerated in this chapter,* shall be commenced within two years * * * ."

Defendants argue, on the other hand, that product liability actions are now governed by statute, ORS 30.900 *et seq.*, and, therefore, are "especially enumerated," even if not in ORS chapter 12. They argue that the actions are enumerated in a chapter other than ORS chapter 12 is not important, because the intent of the legislature was to toll the statute only for common law actions not controlled by statute and that an action for product liability is not such an action.

First, we note that actions for product liability were originally common law torts, recognized in this state in *Heaton v. Ford Motor Co.,* 248 Or 467, 435 P2d 806 (1967). Before the enactment of ORS 30.900 *et seq.,* in 1977, an action such as brought by this plaintiff would have clearly been subject to ORS 12.160. *See DeLay v. Marathon Le Tourneau Sales,* 48 Or App 811, 851, 618 P2d 11 (1980), *aff'd* 291 Or 310, 630 P2d 836 (1981). The question, then, is whether the enactment of the statute governing actions for product liability removed those actions from the scope of ORS 12.160.

We conclude that it did not. In *Bradford v. Davis,* 290 Or 855, 861, 626 P2d 1376 (1981), the Supreme Court, in explaining the relationship between ORS 12.160 and the Tort Claims Act two-year limitations period in ORS 30.275, stated:

"* * * [I]t is immaterial that ORS 12.160 does not refer to ORS 30.275 in providing for an extension of time for minors and other incapacitated persons. ORS 12.160, *supra,* does not say that the particular time limit which is extended must be one which is mentioned in the listed sections. What ORS 12.160 does refer to is 'any person entitled to bring *an action mentioned* in ORS 12.010,' etc (emphasis added). An action for damages for an alleged tort, or more compendiously 'for any injury to the person or

rights of another, not arising on contract,' ORS 12.110, is one of those 'mentioned in ORS * * * 12.070 to 12.160'."

Defendants argue that *Bradford* is not in point because it involved an ordinary tort action. As the court pointed out,

"* * * tort actions against public bodies and their officers and employees are not a specially created type of action but ordinary tort actions to which the legislature has consented to subject government and its personnel * * *." 290 Or at 861.

We do not believe that defendant's distinction is material in this situation. As noted above, product liability actions were common law tort actions before the enactment of ORS 30.900 *et seq.* Those principles that governed the common law tort, embodied in Restatment (Second) of Torts § 402A (1965), are still applicable under the statute. *See* ORS 30.920(3); *Lancaster v. Hartzell,* 54 Or App 886 n 3, 637 P2d 150 (1981); *see also,* Vetri, *Legislative Codification of Strict Products Liability in Oregon,* 59 Or L Rev 363 (1981).

ORS 12.110 by its express language excludes from its purview only actions "for any injury to the person" arising from contract or especially enumerated in ORS chapter 12. This action for product liability is a tort action which is not enumerated in ORS chapter 12. By the literal language of ORS 12.160 and 12.110(1), the statute of limitations is tolled during the minority of the plaintiff, and we find no other basis for holding that ORS 12.160 does not toll the two-year limitations period provided in ORS 30.905(2).

Reversed and remanded.