Argued and submitted July 12, reversed and remanded November 13, 1991

Gary L. DALE,
*Appellant,*

*v.*

STATE OF OREGON
through its
ELECTRICAL BOARD,
*Respondent.*

(89-CV-0446-MS; CA A66086)

820 P2d 868

Patricia Campbell, Salem, argued the cause for appellant. On the brief was Don W. Leach, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiff sought circuit court review of a civil penalty imposed by defendant Electrical Board. The trial court dismissed the appeal, because plaintiff did not file it within the time period required by ORS 479.830(2)(b). Plaintiff appeals from the dismissal. We reverse and remand.

On November 15, 1989, the board mailed copies of its order by both regular and certified mail to plaintiff's post office box. The order imposed a civil penalty for making an electrical installation that did not meet minimum safety standards. The order included a "Notice of Opportunity for Judicial Review" informing plaintiff that, in lieu of other appeals, he could appeal to the circuit court within 20 days of the date of the order. The return receipt card showed that the certified letter was received by "Pam Dale" on December 12, 1989. On December 29, 1989, plaintiff filed an appeal with the circuit court. The board moved to dismiss the appeal on the ground that it had not been commenced within 20 days after November 15, 1989. Plaintiff contended that he had 20 days after December 12, 1989, to file. The court dismissed plaintiff's appeal as untimely.

Plaintiff asserts that the trial court erred in dismissing his appeal. ORS 479.830(2)(b) provides, in part:

"*Notwithstanding* ORS 183.310 to 183.550 [of the Administrative Procedure Act], a person upon whom the board imposes a civil penalty under this subsection, in lieu of other appeals, may appeal imposition of the penalty to the circuit court for the county in which the person resides by filing a petition for review with that court within 20 days after the person *receives notice of* imposition of the penalty." (Emphasis supplied.)

The only issue is whether, under ORS 470.830(2)(b), plaintiff "received notice" of the final order on the date that the board mailed it or on the date that plaintiff actually received it.

The board urges us to construe "receives notice" to mean constructive notice and to hold that plaintiff received notice on the date that the order was mailed. It contends that that construction would "comport and harmonize with other statutes" that make notice effective upon mailing. For example, under the Administrative Procedure Act, the time for

filing a petition for judicial review in a contested case is measured from the date of service, which is the date that the agency "delivered or mailed" its order. ORS 183.482(1); *see also* ORS 183.470(3). However, the provisions of ORS 479.830(2)(b) apply "notwithstanding" the APA. In contrast to language in ORS 183.482(1) that measures time from the date that notice is "delivered or mailed," ORS 479.830(2)(b) measures time from the date that the person "receives" notice. When the legislature uses different language in similar statutory provisions, it is presumed to have intended different meanings. *State v. Crumal,* 54 Or App 41, 45, 633 P2d 1313 (1981). We construe the phrase "receives notice" in ORS 479.830(2)(b) to mean actual notice.

Plaintiff admits receiving notice of the order on December 12, which is the date shown on the return receipt. There was no evidence that plaintiff received actual notice at an earlier date. The trial court erred in dismissing plaintiff's appeal.

Reversed and remanded.