Argued and submitted March 6, reversed and remanded October 18, 2000

Tandra LINDSEY,
*Appellant,*

*v.*

FARMERS INSURANCE COMPANY OF OREGON,
an Oregon corporation,
*Respondent.*

(980930015L; CA A106293)

12 P3d 571

D. Scott Summer argued the cause for appellant. With him on the briefs was Troupis & Summer.

Stanley D. Austin argued the cause for respondent. With him on the brief was Hurley, Lynch & Re, P. C.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff is defendant's insured under a motor vehicle insurance policy. She appeals from a judgment dismissing her action based on the uninsured motorist (UM) coverage provision of her policy, following defendant's motion for summary judgment. ORCP 47. She assigns error to the trial court's interpretation of ORS 742.504(12)(a)(D), which her policy incorporates. The trial court held that the statute requires that plaintiff must have both filed an action against the uninsured motorist involved in the accident and obtained service of process on the motorist to maintain her claim against defendant. Plaintiff did not comply with the latter requirement. We reverse.

The operative facts are undisputed. Plaintiff was injured in a two-car accident on August 28, 1995. She filed a civil complaint for personal injuries against the driver of the other car, an uninsured motorist, in the appropriate court on July 1, 1997, but never obtained service of process on the driver. On December 5, 1997, her complaint was dismissed as a result of that failure. Plaintiff also made a claim against defendant, who paid defendant personal injury protection benefits in the amount of $4,667. Plaintiff later requested arbitration of her uninsured motorist claim against defendant, which refused to arbitrate the claim on the ground that the request was not timely. Plaintiff then filed an action against defendant for breach of contract. Defendant moved for summary judgment, arguing that its obligation to compensate plaintiff was conditioned on plaintiff's compliance with one of four time limits in ORS 742.504(12). The only prerequisite that plaintiff arguably satisfied is that "suit for bodily injury ha[d] been filed against the uninsured motorist" within two years of the accident. ORS 742.504(12)(a)(D). The trial court granted the motion and dismissed plaintiff's action. She appeals, arguing that the statute does not require service of process, but only the filing of her complaint in the appropriate court. Defendant counters that the statute requires the filing of the action *and* service on the defendant before its liability under the policy is triggered.

The issue is one of statutory interpretation. ORS 742.504(12)(a) provides:

"The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:

"(A)   Agreement as to the amount due under the policy has been concluded;

"(B)   The insured or the insurer has formally instituted arbitration proceedings;

"(C)   The insured has filed an action against the insurer in a court of competent jurisdiction; or

"(D)   *Suit for bodily injury has been filed against the uninsured motorist in a court of competent jurisdiction* and, within two years from the date of settlement or final judgment against the uninsured motorist, the insured has formally instituted arbitration proceedings or filed an action against the insurer in a court of competent jurisdiction." (Emphasis added.)

When confronted with a question of statutory interpretation, we begin our analysis to ascertain the legislature's intent by examining the text of the statute, according to its ordinary meaning. *Smurfit Newsprint Corp. v. Dept. of Rev.*, 329 Or 591, 597, 997 P2d 185 (2000).

*Webster's Third New Int'l Dictionary*, 849 (unabridged ed 1993), defines "file" as

"**1** : to arrange (as papers, cards, or letters) in a particular order for preservation and reference **2** *obs* : THREAD, STRING **3 a (1)**: to deliver (as a legal paper or instrument) after complying with any condition precedent (as the payment of a fee) to the proper officer for keeping on file or among the records of.his office **(2)** to send (newspaper copy) to a newspaper or news agency by telephone, telegraph, or cable (filed a good story) **b** : to place (as a paper or instrument) on file among the legal or official records of an officer esp. by formally receiving, endorsing, and entering **c** : to return (a law case) to the officer of the clerk of a court without action on the merits **d** : to fill out and submit (an income tax return) to the appropriate officer **4** : to perform the first act of (as a lawsuit) : COMMENCE ~ *vi* : to register as a candidate esp. in a primary election ⊷ for county attorney⟩"

Sections 3a(1), 3b, and 4 offer potentially relevant definitions. Those definitions suggest that the legislature contemplated the filing of a complaint with the court without the additional requirement of service of process, since by definition, "service of process" describes a different act than the "filing" of an action.

Also, our analysis at this level examines the language of the statute in context. The "context" of a statute includes other provisions within the same statute, applicable case law interpreting those provisions[1] and prior legislative changes. *See Owens v. Maass*, 323 Or 430, 436, 918 P2d 808 (1996) (court examines legislative changes to the statute at issue as part of analyzing context); *Davis v. O'Brien*, 320 Or 729, 741, 891 P2d 1307 (1995) (stating that prior statutory interpretations are part of the court's contextual analysis); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (stating that context includes other provisions of the statute at issue).

The word "filed" is used five times in ORS 742.504. Each time, it is used as a prerequisite to the bringing of a cause of action on a policy. The first and second uses are in 2(f)(B) and 2(g)(C). Section 2(f)(B) imposes a 30-day "filing" requirement in cases involving hit-and-run vehicles, and section 2(g)(C) imposes the same requirement in cases where "phantom vehicles" are involved. Both provisions provide, in part:

"The insured or someone on behalf of the insured shall have reported the accident within 72 hours to a police, peace or judicial officer * * * and *shall have filed* with the insurer within 30 days thereafter a statement under oath that the insured or the legal representative of the insured

---

[1] In *Stull v. Hoke*, 326 Or 72, 78, 948 P2d 722 (1997), the Supreme Court stated:

"The term 'filed' is not defined in reference to ORS 12.020(1). It does, however, have a well-defined legal meaning and, therefore, we typically use that meaning in interpreting the term when used in a statute. This court has consistently interpreted the term 'filing' to mean that filing of a document 'occur[s] when [the] document is given to a clerk with the intention that it be filed.'" (Citations omitted.)

While *Stull* does not interpret ORS 742.504(12), it is instructive because it shows that "filing" is a legal term of art.

has a cause or causes of action arising out of such accident
* * *." (Emphasis added.)

The third, fourth and fifth uses are in ORS 742.504(12)(a)(C) and (D). In 12(a)(C), the statute provides that no cause of action will accrue unless the insured "has filed an action" directly against the insurer within two years of the accident. In 12(a)(D), the statute provides that no cause of action will accrue unless (1) "suit has been filed" against the offending motorist within two years of the accident; and (2) the insured "filed an action" against the insurer within two years of the disposition of the case against the offending motorist.[2] Nothing in these uses of the word "filed" indicates that it means "service of process."

When ORS 742.504 was originally enacted in 1967,[3] there were in effect statutory criteria defining when an action was deemed "commenced." ORS 12.020 (1967) provided:

> "For the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him."

As early as 1845, the legislature used the phrase "commence an action," when its purpose was to require both filing and service of process. The initial compilation of Oregon statutes included the following:

> "An action shall be deemed *commenced* as to each defendant, when the complaint is filed and the summons served on him, or on a co-defendant who is a joint contractor, or otherwise united in interest with him." General Laws of Oregon, ch 1, § 14, p 142 (Deady 1845-1864) (emphasis added).

---

[2] The complaint in this case was filed on September 17, 1998, less than one year after the disposition of plaintiff's action against the other driver.

[3] Oregon Laws 1967, chapter 482, section 3, was House Bill 1506. It was originally numbered ORS 743.792 in 1967 and was renumbered as ORS 742.504 in 1993.

Significantly, the legislature did not use the word "commence" in ORS 742.504(12). In contrast, the legislature did not use the word "file" in ORS 742.240, which is the fire insurance suit limitation counterpart to ORS 742.504, and which was enacted simultaneously with the provision in question here.[4] ORS 742.240 provides:

> "A fire insurance policy shall contain a provision as follows:
>
> " 'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and *unless commenced* within 12 months next after inception of the loss.' " (Emphasis added.)

The foregoing demonstrates that the legislature in 1967 knew the difference between the "filing" of an action and the "commencing" of an action. When the legislature uses different language in similar statutory provisions, it is presumed to have intended different meanings. *Dale v. Electrical Board*, 109 Or App 613, 616, 820 P2d 868 (1991).

In addition, the Supreme Court has held in a line of cases, beginning with *Burns v. White Swan Mining Co.*, 35 Or 305, 57 P 637 (1899), that

> "[i]n Oregon, an action is deemed commenced, within the meaning of the statute of limitations, when the complaint is filed and the summons is served on the defendant; but for all other purposes, other than that of the statute of limitations, actions are commenced by filing a complaint with the clerk of court." *Id.* at 310 (quoting *Encyclopedia of Pleading and Practice*, vol. 1, p 136).

*See also Shea v. Graves*, 142 Or 503, 510, 19 P2d 406 (1933) (the timely filing of complaint or answer in a suit to foreclose mechanic's lien, though without service of summons, saves the lien from expiration); *Schulmerich v. First National Bank*, 220 Or 528, 531, 349 P2d 849 (1960) (will contest was filed within time permitted by statute and was not governed by statute providing that a common-law action is deemed commenced when complaint is filed and summons is served);

---

[4] ORS 742.240 was formerly ORS 743.660, enacted as Oregon Laws 1967, chapter 359, section 499.

*Bell et al v. Quaker City F. & M. Ins. Co.*, 230 Or 615, 619, 370 P2d 219 (1962) (action on a policy of fire insurance was a common-law action to recover money under a contract so that service of process was required to complete "commencement" as distinguished from statutory proceedings that establish their own limitations). In sum, there is a long history demonstrating that the words "commenced" and "filed" are words of art that have different meanings and that the legislature's choice to use the word "filed" rather than "commenced" is significant. That is particularly the case in the context of ORS 742.504(12)(a)(D), which operates as a statutory precedent to the bringing of an action on the policy as distinguished from a general statute of limitations.

Despite the foregoing, defendant argues that we must accept its interpretation of ORS 742.504 if we are to effectuate the legislature's intent in enacting the statute. The primary support for its contention is a statement in *Vega v. Farmers Ins. Co.*, 323 Or 291, 918 P2d 95 (1996), regarding ORS 742.504(12). In *Vega*, the plaintiffs, two insurance policyholders, obtained a circuit court declaration that they were entitled to underinsured motorist (UIM) benefits under a policy issued by their insurer. The insurer appealed, arguing that the plaintiffs' action was time-barred and that they had failed to comply with certain prerequisites to coverage. The Supreme Court identified three issues, one of which was whether the statute of limitations for the action had begun to run with the occurrence of the accident that triggered the eligibility for the UIM coverage, or not until the coverage was denied. The plaintiffs contended that their claim did not accrue until the defendant denied their demand for coverage, and the Supreme Court agreed.

According to defendant, a major problem in providing UM or UIM benefits is caused by the differences in the statutes of limitations for breach of policy claims (six years) and personal injury claims (two years). If a UM or UIM claim is brought against the insurer after the two-year limitation expires, the insurer is forced to pay benefits under the policy without an opportunity to seek reimbursement from the other driver. The court answered that argument in *Vega* in this way:

"Defendant argues that such a holding effectively will eliminate the statute of limitations on an entire category of UIM and UM insurance actions, *viz.*, those that are brought under policies that do not include a contractual limitations period, thus allowing insureds to revive long-stale claims merely by making demand of their UM/UIM insurers. An answer to the argument is the one offered by the Court of Appeals in *Vega*. Insurers can protect themselves from that eventuality by including the legislatively authorized limitations period found at ORS 742.504(12) in their automobile contracts." 323 Or at 296-97.

According to defendant,

"Plaintiff's theory regarding the meaning of the term 'file' in ORS 742.504(12) makes no sense when examined with the rationale for the provision in mind. Filing but not serving the complaint in a timely manner would not provide the protection to the insurer alluded to in the *Vega* case. In fact, it would provide no protection whatsoever to the insurer. Filing without serving a complaint would have the same effect as never filing the complaint. A court should avoid any interpretation of a statutory term that leads to absurd consequences. Thus, the term 'filed' when viewed in context can mean only filed and timely served. Any other interpretation would render the provision meaningless."

Regardless of the merit of defendant's argument about how an insurer has little protection from stale claims under plaintiff's interpretations of ORS 742.504(12)(a)(D), our task is to discern the intention of the legislature from the language of the statute. Only if that language is unclear, are we authorized to go beyond the first level of text and context to discern legislative intent. As we have pointed out, the language "[s]uit for bodily injury has been filed against the uninsured motorist in a court of competent jurisdiction" in ORS 742.504(12)(a)(D) is not ambiguous. The legislature could have required an insured to have "commenced an action" as it did in other statutes, or it could have more directly stated that service of process was also required. Its failure to do so may have been an oversight, or the legislature may have believed that the mere timely filing of an action sufficed as a prerequisite to UIM or UM claims without the need for service of process. Our obligation is not to fix statutes that do not

carry out the legislature's intent, but to give statutory language its plain, ordinary meaning. *Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 556, 915 P2d 1053, *rev den* 324 Or 305 (1996) (quoting *Monaco v. U.S. Fidelity & Guar.*, 275 Or 183, 188, 550 P2d 422 (1976); "Whatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so as to better serve what the court feels was, or should have been, the legislature's intent." Also, ORS 174.010 instructs that "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted or to omit what has been inserted[.]" We hold for these reasons that "filed" in the context of ORS 742.504(12)(a)(D) does not include service of process as the trial court ruled.

Reversed and remanded.