Argued and submitted May 8, reversed and remanded October 29, 2008

Linda WRIGHT,
Guardian Ad Litem of Devin Wright,
a Minor.
*Plaintiff-Appellant,*

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
*Defendant-Respondent.*

Clackamas County Circuit Court
CV05080601; A132898

196 P3d 1000

Kathryn H. Clarke argued the cause for appellant. With her on the brief was Gideon D. Caron.

R. Daniel Lindahl argued the cause for respondent. With him on the brief were John R. Bachofner and Bullivant Houser Bailey, PC.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

The plaintiff insured, as guardian ad litem for her minor son, appeals, challenging the allowance of summary judgment in favor of defendant, plaintiff's underinsured motorist (UIM) insurance carrier, as well as the trial court's denial of plaintiff's cross-motion for summary judgment. The underlying accident occurred in January 2000, and this action for declaratory relief was filed in August 2005. The trial court agreed with defendant that the "minority tolling" provisions of ORS 12.160 did not operate to extend the time limitation provision, predicated on ORS 742.504(12)(a), that certain events occur within two years of the date of the accident. The court further determined that plaintiff, in opposing summary judgment, had failed to adduce evidence raising a disputed issue of material fact as to whether defendant had waived the two-year limitation. On appeal, plaintiff challenges both of those determinations. As amplified below, we conclude that (1) the trial court correctly determined that the time limitation provision was not tolled, but (2) the court erred in granting summary judgment because (a) the two-year limitation of ORS 742.504(12)(a) can be waived by the UIM insurer and (b) there is a material issue of disputed fact as to whether defendant waived its right to rely on that time limitation. Accordingly, we reverse and remand.

■ ■    We review a grant of summary judgment "to determine whether any genuine issue of material fact exists and whether defendant is entitled to judgment as a matter of law." *Herman v. Valley Ins. Co.*, 145 Or App 124, 127-28, 928 P2d 985 (1996), *rev den*, 325 Or 438 (1997). *See also* ORCP 47 C. We view the evidence and make all reasonable inferences in favor of the nonmoving party. *Moore v. Mutual of Enumclaw Ins. Co.*, 317 Or 235, 237, 855 P2d 626 (1993).

Here, the historical facts are not disputed.[1] On January 18, 2000, plaintiff and her minor son, D, were involved in an auto accident involving another motorist, Watts, in which D was allegedly injured. Watts had liability insurance with limits of $25,000 per person and $50,000 per

---

[1] However, as noted below, with respect to the question of defendant's purported waiver, the reasonable inferences that can be drawn from defendant's statements and conduct *are* disputed.

accident. At the time of the accident, defendant provided UIM coverage to plaintiff with limits of $50,000 per person and $100,000 per accident.

Plaintiff's UIM policy with defendant, in general conformance with ORS 742.504(12)(a), which we address in detail below, included the following provision:

"c.    nor shall we have to make any payment under uninsured motor vehicle coverage *unless within two years from the date of the accident*:

"(1)    the insured and we agree to the amount due;

"(2)    the insured or we have formally instituted arbitration proceedings;

"(3)    *the insured has filed an action against us in a court of competent jurisdiction*; or

"(4)    a suit for bodily injury has been filed against the uninsured motorist in a court of competent jurisdiction and, within two years from the date of settlement or final judgment against the uninsured motorist, the insured has formally instituted arbitration proceedings or filed an action against us in a court of competent jurisdiction."

(Original emphasis omitted; emphasis added.) There were some preliminary communications between plaintiff and defendant regarding a potential claim, but plaintiff did not take any of the requisite actions within two years of the accident.

On March 19, 2005, plaintiff's attorney contacted defendant, informing defendant that he had been retained to represent D's interests and requesting information pertaining to defendant's personal injury protection (PIP) coverage.[2] Defendant responded, by letter, on April 26, 2005. That letter, which was signed by one of defendant's "claim representatives," identified plaintiff as the insured and the "date of loss" as January 18, 2000. After replying to plaintiff's attorney's request for PIP-related information, the letter then proceeded to address plaintiff's potential UIM claim:

---

[2] Defendant provided PIP coverage, as well as UIM coverage, to plaintiff.

"We understand that your client is interested in pursuing an underinsured motorist claim regarding [the] motor vehicle accident. We have determined that our insured, [plaintiff], does have coverage under her policy for such a claim and *we will make every attempt, once we have adequate information supporting [D's] claim, to reach an agreement with you as to the amount of benefits due under the policy. The only remaining issues are liability and damages due to your client.* If for some reason we are not able to reach an agreement as to the amount of benefits due under [plaintiff's] coverage, then please be advised that [we do] hereby consent to submit your client's underinsured motorist claim to arbitration as provided by the policy and that the arbitration be binding."

(Emphasis added.)

On April 28, 2005, plaintiff filed a personal injury action on D's behalf against Watts.[3]

On July 22, 2005, defendant notified plaintiff that it was withdrawing its offer of UIM arbitration because it had determined that none of the requisite events had occurred within the two-year period allowed in the policy. Plaintiff then brought this action, seeking a declaration of UIM coverage under the policy.

The parties filed cross-motions for summary judgment, with their dispute centering on two issues: (1) Did the "minority tolling" provisions of ORS 12.160 apply to and, thus, extend the UIM policy's two-year limitation period, as specified in ORS 742.504(12)(a)? (2) Even if ORS 12.160 did not apply, was the two-year limitation waivable, and, if so, had plaintiff adduced evidence raising a disputed issue of material fact as to whether defendant had waived that limitation? The trial court resolved both of those questions adversely to plaintiff and, consequently, allowed defendant's motion for summary judgment and denied plaintiff's cross-motion.

On appeal, the parties essentially reprise their arguments to the trial court. We address the tolling and waiver arguments in turn.

---

[3] That claim was subsequently settled for Watts's liability policy limits.

■      Under ORS 742.504, insurance policies that include uninsured motorist benefits must provide coverage that is no less favorable to the insured or any beneficiary than the sample policy provisions set forth in ORS 742.504(1) to (12).[4] ORS 742.504(12)(a) provides:

> "The parties to this coverage agree that *no cause of action shall accrue* to the insured under this coverage unless within two years from the date of the accident:
>
> "(A)   Agreement as to the amount due under the policy has been concluded;
>
> "(B)   The insured or the insurer has formally instituted arbitration proceedings;
>
> "(C)   The insured has filed an action against the insurer; or
>
> "(D)   Suit for bodily injury has been filed against the uninsured motorist and, within two years from the date of settlement or final judgment against the uninsured motorist, the insured has formally instituted arbitration proceedings or filed an action against the insurer."[5]

(Emphasis added.) Plaintiff concedes that none of the four requisites, (A) - (D), was satisfied within two years of the date of the accident. She argues, however, that defendant was obligated to provide UIM benefits because the two-year period was tolled by ORS 12.160.[6]

ORS 12.160 (2005) provides, in part:

> "If, *at the time the cause of action accrues,* any person entitled to bring an action mentioned in ORS 12.010 to

---

[4] UIM policies are subject to the same requirement by virtue of ORS 742.502(4) ("Underinsurance coverage is subject to ORS 742.504[.]").

[5] As relevant to the issues raised in this appeal, there is no substantive difference between the version of ORS 742.504(12)(a) in effect at the time of the accident and the current version of the statute.

[6] At oral argument, for the first time, plaintiff suggested that there was a substantive difference between the statutory and policy language. We decline to address that argument. *See* ORAP 5.45(1) (claimed error must be preserved in trial court and assigned as error in opening brief to be considered on appeal). Plaintiff stated in her memorandum in support of her motion for summary judgment that the policy provision set out above is consistent with ORS 742.504(12)(a). In addition, she did not argue in her appellate brief that the two provisions are substantively different.

12.050, 12.070 to 12.250 and 12.276 is within the age of 18 years * * * the time of such disability shall not be a part of *the time limited for the commencement of the action* * * *."[7]

(Emphasis added.) With certain exceptions not applicable here, ORS 12.080 establishes the time for commencing contract actions. Claims for UIM benefits arise from contract. As a result, ORS 12.160 is potentially applicable in the context of an action concerning UIM coverage. We conclude, however, that ORS 12.160 does not apply to toll the two-year period set forth in ORS 742.504(12)(a) for two related reasons.

■　First, ORS 12.160, by its plain terms, applies only "at the time the cause of action accrues." A cause of action "accrues" when it "come[s] into existence as an enforceable claim[.]" *Webster's Third New Int'l Dictionary* 13 (unabridged ed 2002). However, under ORS 742.504(12)(a), "no cause of action shall accrue to the insured" for UIM coverage unless one of the four events specified in the statute occurs within two years from the accident date. If none of the events occurs in the permitted time period, the cause of action never accrues.

In this case, plaintiff's cause of action against defendant *never accrued* because none of the events specified in ORS 742.504(12)(a)(A) to (D) occurred within two years from the date of the accident. Because the cause of action did not accrue, the disability tolling provision set forth in ORS 12.160 cannot apply. *See also* ORS 12.170 ("No person shall make use of a disability unless it existed when the right of action of the person *accrued*." (Emphasis added.)).

Second, ORS 12.160 provides that the time of the applicable disability "shall not be a part of the time limited for the *commencement* of the action." (Emphasis added.) ORS 742.504(12)(a) establishes a time limitation for accrual of a

---

[7] We refer to the version of ORS 12.160 in effect when plaintiff filed her complaint. Effective January 1, 2007, ORS 12.160 provides, in part:

"(1)　Subject to subsection (2) of this section, if a person is entitled to bring an action that is subject to the statutes of limitation prescribed by ORS 12.010 to 12.050, 12.070 to 12.250 or 12.276, and at the time the cause of action accrues the person is a child who is younger than 18 years of age, the statute of limitation for commencing the action is tolled for so long as the person is younger than 18 years of age."

cause of action, not for commencement of an action. Therefore, ORS 12.160 has no application.

■■■ The context of ORS 742.504(12)(a) corroborates our construction. In interpreting a statute, our task is to determine the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). At the first level of that analysis, we examine the text and context of the statute. *Id.* ORS 742.504(12)(a), which was enacted in Oregon in 1967, was modeled on a California statute.[8] Minutes, Subcommittee on Reserve, Surplus and Capital Requirements of Insurance Companies Engaged in the Business of Casualty or Disability Insurance, Feb 15, 1964, 4. "When one state borrows a statute from another state, the interpretation of the borrowed statute by the courts of the earlier enacting state ordinarily is persuasive." *State ex rel Western Seed v. Campbell*, 250 Or 262, 270-71, 442 P2d 215 (1968), *cert den*, 393 US 1093 (1969). At the time Oregon enacted ORS 742.504(12)(a), California courts had held that the time limitation described in its version of that statute was not tolled during an insured's minority. *See Pacific Indemnity Company v. Superior Court*, 246 Cal App 2d 63, 72, 54 Cal Rptr 470 (1966); *State Farm Mutual Automobile Ins. Co. v. Superior Court*, 232 Cal App 2d 808, 810, 43 Cal Rptr 209 (1965).

Plaintiff invokes *Bradford v. Davis*, 290 Or 855, 626 P2d 1376 (1981), and *Kearney v. Montgomery Ward & Co.*, 55 Or App 641, 639 P2d 682 (1982), as supporting her position. However, neither case assists her. In *Bradford*, the Supreme Court held that ORS 12.160 tolled a two-year statute of limitation found in ORS 30.275 for commencing a cause of action under the Tort Claims Act during the plaintiff's minority. 290 Or at 861. In *Kearney*, we followed the reasoning of *Bradford* and held that the statute of limitations for commencing a product liability action under ORS 30.905 was tolled during the plaintiff's minority by ORS 12.160. 55 Or App at 645.

---

[8] As originally enacted, ORS 742.504(12)(a) included three alternate ways in which a UIM claim could accrue. Those three alternatives were substantively equivalent to the methods specified in ORS 742.504(12)(a)(A), (B), and (D). The fourth provision at issue in this appeal, (C), was added by the Oregon legislature in 1997.

The facts of *Bradford* and *Kearney* are distinguishable from those of this case because both of those cases involve statutes of limitations for commencing actions. The time limit established by ORS 742.504(12)(a) is not a statute of limitation that establishes the time for commencing an action. Instead, it specifies how and when a UIM cause of action may *accrue*—and, as noted, ORS 12.160 only applies to toll the time for commencing an action if the cause of action has accrued. In both *Bradford* and *Kearney*, the cause of action had accrued and, thus, ORS 12.160 could apply to toll the pertinent statutes of limitation. Conversely, in this case, ORS 12.160 has no application because plaintiff's cause of action never accrued given that none of the requisite events occurred within the two-year period allowed under ORS 742.504(12)(a).

Finally, plaintiff argues that ORS 12.160 must toll the two-year period set forth in ORS 742.504(12)(a) because, if it does not, there will be a temporal disconnect between the time during which a minor insured can commence a personal injury action against an at-fault motorist and the time during which he or she must act to secure UIM benefits. ORS 12.110 establishes a two-year statute of limitations for most personal injury actions. In certain circumstances, such as when the injured insured is a minor at the time of the accident, ORS 12.160 will apply to extend the statute of limitations for commencing the personal injury action while, under our holding, it does not apply to extend the period for seeking UIM benefits.

The fundamental problem with plaintiff's argument is that we have previously indicated that, given the express language of ORS 742.504(12)(a), the requirements for prosecuting a personal injury action against the at-fault uninsured motorist (UM) or underinsured motorist and an action against the UM/UIM insurer are not congruent. *See Lindsey v. Farmers Ins. Co.*, 170 Or App 458, 12 P3d 571 (2000).

In *Lindsey*, the plaintiff filed a personal injury action against the tortfeasor uninsured motorist within the two-year period permitted under ORS 742.504(12)(a)(D). 170 Or

App at 460. The plaintiff did not, however, effect proper service of process and, consequently, her action against the uninsured motorist was dismissed. *Id.* The plaintiff subsequently requested arbitration of her UM claim against the defendant UM insurer, which refused to arbitrate on the ground that the request was untimely. *Id.* The plaintiff then brought an action against the defendant UM insurer, which moved for summary judgment, arguing that the plaintiff had failed to satisfy the requisites of ORS 742.504(12). *Id.* The trial court granted that motion, concluding, *inter alia*, that the plaintiff had failed to satisfy the time limitation of ORS 742.504(12)(a)(D). *Id.*

On appeal, we reversed. We concluded that ORS 742.504(12)(a)(D) requires only that the action against the uninsured or underinsured motorist be *"filed"* within two years of the accident and not also that service of process be timely effected. *Id.* at 467. In so holding, we emphasized the distinction between the term "filed" and the term "commenced" employed in other statutes, including those pertaining to statutes of limitation. *Id.* at 463-65. We also rejected the defendant insurer's argument that the plaintiff's construction of the statute could yield practically incongruous results because, if the third-party liability action was merely filed without timely service, the effect would be that UM (or UIM) insureds would be able to maintain claims under UM (or UIM) coverage even when there was no viable claim (and, thus, no potential reimbursement) against the tortfeasor uninsured (or underinsured) driver. In rejecting that contention, we observed:

> "Regardless of the merit of defendant's argument about how an insurer has little protection from stale claims under plaintiff's interpretations of ORS 742.504(12)(a)(D), our task is to discern the intention of the legislature from the language of the statute. Only if that language is unclear, are we authorized to go beyond the first level of text and context to discern legislative intent."

*Id.* at 466.

■ So too here. Although the circumstances here are, in many ways, the obverse of those in *Lindsey*,[9] we fully appreciate that the temporal disconnect that can obtain under ORS

---

[9] Here, unlike in *Lindsey*, given the operation of ORS 12.160, plaintiff's filing (and service) of the personal injury liability action against Watts more than two

12.110, as extended pursuant to ORS 12.160, and ORS 742.504(12)(a)(D), can yield incongruous results. Most obviously, as a practical matter, the determination of the amount recovered from the underinsured tortfeasor might well, logically, precede ultimate recovery against the UIM insurer. It may be that a more rational statutory approach could be constructed. But that is not our constitutional role:

> "If the legislature has chosen language that creates unexpected and unintended results, the legislature can amend the statute to express its actual intent. It is not the function of a court to insert language that should have been added and ignore language that should have been omitted. ORS 174.010."

*Cole v. Farmers Ins. Co.*, 108 Or App 277, 280, 814 P2d 188 (1991).

The trial court correctly concluded that ORS 12.160 does not apply to, extend, or toll the two-year limitation of ORS 742.504(12)(a). We turn, then, to plaintiff's alternative, waiver-based argument.

■ "Waiver is 'the intentional relinquishment of a known right, either in terms or by such conduct as clearly indicates an intention to renounce a known privilege or power.'" *Day-Towne v. Progressive Halcyon Ins. Co.*, 214 Or App 372, 382, 164 P3d 1205 (2007) (quoting *Great American Ins. v. General Ins.*, 257 Or 62, 72, 475 P2d 415 (1970)).

As noted, in 2005, plaintiff's attorney sent a letter to defendant informing defendant that he had "been retained to represent the interests of [D], a minor" with regard to the accident. Further, as noted, defendant responded by letter, on April 26, 2005, expressly acknowledging a "date of loss" of January 18, 2000, and stating:

> "We understand that your client is interested in pursuing an underinsured motorist claim regarding [the] motor vehicle accident. We have determined that our insured, [plaintiff], does have coverage under her policy for such a claim and *we will make every attempt, once we have adequate*

---

years after the accident comported with ORS 12.110—but, nevertheless, did not satisfy ORS 742.504(12)(a)(D). Conversely, in *Lindsey*, the plaintiff's filing of the personal injury action within two years of the accident, coupled with failure to effect timely service, did not comport with ORS 12.110—but did satisfy ORS 742.504(12)(a)(D).

*information supporting [D's] claim, to reach an agreement
with you as to the amount of benefits due under the policy.
The only remaining issues are liability and damages due to
your client.* If for some reason we are not able to reach an
agreement as to the amount of benefits due under [plain-
tiff's] coverage, then please be advised that [we do] hereby
consent to submit your client's underinsured motorist claim
to arbitration as provided by the policy and that the arbitra-
tion be binding."

(Emphasis added.) Roughly three months later, on July 22,
2005, defendant first asserted that ORS 742.504(12)(a) pre-
cluded recovery under the UIM policy.

Plaintiff contends that defendant's conduct antedat-
ing July 22, 2005—and, particularly, the language of the
April 26, 2005, letter—effected a waiver of any reliance on
ORS 742.504(12)(a). In that regard, plaintiff emphasizes that
that letter explicitly cross-referenced a "date of loss" more
than two years before the letter and then, without any refer-
ence to ORS 742.504(12)(a) or any other temporal limitation,
proceeded to acknowledge that "[t]he *only* remaining issues
are liability and damages due to your client." (Emphasis
added.) Plaintiff contends that, from those circumstances
and reasonably related inferences, a trier of fact could prop-
erly find waiver.

■■■ Defendant counters with two arguments. First, as a
matter of law, the limitation described in ORS 742.504(12)(a)
is not subject to waiver.[10] Second, in all events, defendant's
conduct before July 22, 2005, including the language of the
April 26, 2005, letter, does not raise a triable issue of mate-
rial fact as to waiver. We begin by addressing the first asser-
tion—which, logically, precedes the second—and reject both.

■■■■ Defendant argues that the two-year limitation of
ORS 742.504(12)(a) "is not the type of policy provision that
can be waived." We disagree. The doctrine of waiver applies
broadly to any contract term. *Bennett v. Farmers Ins. Co.*, 332
Or 138, 156, 26 P3d 785 (2001). As a general rule, "[a] party
to a contract may waive performance of any provision of the

---

[10] Defendant, at times in its brief, refers only to ORS 742.504(12)(a)(C). We
understand defendant to argue that ORS 742.504(12)(a), in its entirety, is not sub-
ject to waiver.

contract that is for its benefit." *South Lake Center v. Waker Associates, Inc.*, 129 Or App 581, 589, 879 P2d 1342 (1994). In the context of an insurance contract specifically, "[c]onduct of an insurer after a loss has occurred that is inconsistent with a particular defense, especially where the insured has been * * * led to believe there is coverage, will constitute a waiver of the defense." Richard A. Lord, 14 *Williston on Contracts* § 41:26 (4th ed 2000).

Defendant cites no case law supporting its assertion that the UIM policy's two-year limitation, predicated on ORS 742.504(12)(a), is not waivable. However, defendant contends generally that the limitation is not waivable because it is not a "condition of forfeiture." As support for that general proposition, defendant invokes *Farmers Ins. Co. v. Munson*, 127 Or App 413, 418, 873 P2d 370, *rev den*, 320 Or 109 (1994), where we stated that "[w]aiver may be available to prevent an insurer from asserting a policy defense if the defense is a condition of forfeiture, but not if it is a condition of coverage."

Defendant is correct that the two-year limitation of ORS 742.504(12)(a) is not a condition of forfeiture.[11] But defendant is wrong in its reading, and application, of *Munson*. In *Munson* we did not say that the universe of insurance-related limitations is bifurcated, exclusively, into "conditions of coverage" or "conditions of forfeiture." Nor did we say that an insurer can waive *only* conditions of forfeiture. Rather, an insurer can waive limitations, other than conditions of forfeiture, so long as they are not conditions of coverage[12]—and, here, there is no suggestion that the two-year limitation is a condition of coverage.[13]

*Herman v. Valley Ins. Co.*, 145 Or App 124, 928 P2d 985 (1996), *rev den*, 325 Or 438 (1997), highlights the flaws in defendant's reasoning. *Herman* involved a provision analogous to ORS 742.504(12)(a), ORS 742.240, which requires that a fire insurance policy contain the following provision:

---

[11] See our discussion below, 223 Or App at 369-70, of *Herman v. Valley Ins. Co.*, 145 Or App 124, 928 P2d 985 (1996), *rev den*, 325 Or 438 (1997).

[12] *See, e.g., Munson*, 127 Or App at 417 (doctrine of waiver cannot be applied to expand the scope of insurance coverage beyond that bargained for by the parties).

[13] Rather, as noted, defendant merely contends that the two-year limitation is not a condition of forfeiture.

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 24 months next after inception of the loss."

There, the insured filed a complaint within 24 months of the loss but failed to properly name the insurer as a defendant—and her amended complaint that did properly name the defendant did not relate back to the original filing. 145 Or App at 127-29. The trial court granted summary judgment, based on the plaintiff's noncompliance with the policy provision incorporating the requirements of ORS 742.240. *Id.* at 127.

On appeal, we affirmed. In so doing, we held that the provision required under ORS 742.240 "is a contract condition rather than a statute of limitations."[14] 145 Or App at 130. At the same time, we rejected the plaintiff's argument that that limitation was a condition of forfeiture,[15] concluding that it was, instead, a "suit limitation provision":

"A condition of forfeiture exists when 'there is insurance coverage for the loss in the first place, but acts of the insured nullify the coverage * * *.' *ABCD...Vision v. Fireman's Fund Ins. Companies*, 304 Or 301, 307, 744 P2d 998 (1987). A condition of forfeiture disallows claims that otherwise are covered under a policy. A suit limitation provision, by contrast, does not nullify insurance coverage. Rather, it precludes an insured from starting an action against its insurer once the limitation period has passed, regardless of the extent of coverage."

*Id.* at 130-31.

Because the "suit limitation provision" in *Herman* was a contract condition, but neither a condition of forfeiture

[14] A contractual condition " 'is an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due.' " *Hill v. Oland*, 61 Or App 85, 90, 655 P2d 1088 (1982) (quoting *Restatement (Second) of Contracts* § 224 (1981)).

[15] The plaintiff in *Herman* argued that, if the provision embodied a condition of forfeiture, the defendant insurer, to prevail, would have to show both that her failure to comply with that condition was unreasonable and that her noncompliance prejudiced the insurer. 145 Or App at 130.

nor a condition of coverage, *Herman* illustrates that the universe of contract conditions is composed of more than just conditions of coverage and forfeiture. In addition, we held in *Herman* that "an insurer may be estopped from asserting a suit limitation provision as a defense to liability on an insurance policy, whether or not the provision is characterized as a condition of forfeiture." *Id.* at 133. We perceive no principled distinction as to why, if a "suit limitation provision" is susceptible to estoppel, it is not similarly susceptible to waiver. Thus, by close analogy, *Herman* demonstrates that the two-year limitation at issue here can be waived by the insurer.

■ Given that conclusion, we address, finally, whether plaintiff has raised disputed issues of material fact as to defendant's purported waiver, precluding summary judgment.

> "There is no genuine issue as to any material fact if, 'based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment.' "

*Schaff v. Ray's Land & Sea Food Co., Inc.*, 334 Or 94, 99, 45 P3d 936 (2002) (quoting ORCP 47 C). Applying that standard, we conclude that a reasonable trier of fact could find that defendant intentionally relinquished its right to rely on the two-year limitation of ORS 742.504(12)(a), as incorporated into the UIM policy.

■ On April 26, 2005—over five years after the accident and three years after expiration of the two-year limitation—defendant sent plaintiff's attorney a letter that explicitly identified the accident date. In that letter, defendant acknowledged that plaintiff sought UIM benefits for her son and stated that it had "determined that [plaintiff] *does have coverage under her policy for such a claim * * *.*" (Emphasis added.) The letter went on to state that "[t]he *only* remaining issues are liability and damages due to" plaintiff. (Emphasis added.) That letter was signed by a "claim representative"—and we do not understand defendant to dispute, for purposes of our review, that the representations in the letter were

within that agent's authority and, thus, potentially were binding on defendant.[16]

It may be, as defendant contended in oral argument on appeal, that, in the totality of the UIM insurance claim processing context, defendant's statements in the letter were not intended to effect a waiver and were made for other reasons. But that is a matter to be resolved by a trier of fact, and not by an appellate court. On this record, a trier of fact could find that defendant, with full knowledge, voluntarily waived its ability to assert the defense afforded by ORS 742.504(12)(a).

Reversed and remanded.

---

[16] At oral argument, defendant suggested, for the first time, that the policy includes a nonwaiver provision that would prevent the April 2005 letter from effecting a waiver. We decline to address this argument as an alternative basis for affirmance because it could potentially implicate development of the factual record, *see Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), and because defendant did not cogently develop the argument in its briefs.