Argued and submitted July 8, reversed and remanded October 27, 2010

Enola BADRICK,
*Plaintiff-Appellant,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
080507055; A142539

242 P3d 685

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Thomas M. Christ argued the cause for respondent. With him on the brief was Cosgrave Vergeer Kester LLP.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

This is an action on an insurance policy. Plaintiff brought the action against defendant, her insurer, for failing to pay benefits. After the parties resolved the benefits dispute, an arbitrator awarded plaintiff attorney fees under ORS 742.061(1), which provides that a plaintiff in an action on an insurance policy is entitled to an award of attorney fees "if settlement is not made within six months from the date proof of loss is filed with [the] insurer" and "the plaintiff's recovery exceeds the amount of any tender made by the [insurer]."

Defendant filed an exception to the attorney fee award. The trial court sustained the exception and reversed the attorney fee award. The trial court based its decision on ORS 742.061(2), which provides that an insurer is not liable for attorney fees under ORS 742.061(1) if, within six months from the date proof of loss is filed with the insurer, the insurer informs the insured, in writing, that "[t]he insurer has accepted coverage and the only issue is the amount of benefits due" and that "[t]he insurer has consented to submit the case to binding arbitration." The trial court held that a letter defendant sent plaintiff satisfied the ORS 742.061(2) requirements and, therefore, defendant was not liable for attorney fees under ORS 742.061(1).

On appeal, plaintiff challenges that holding, arguing that the letter did not satisfy the requisites of ORS 742.061(2) because it did not include an acknowledgement that "the only issue is the amount of benefits due." For the reasons set forth below, we agree with plaintiff and, therefore, reverse and remand.

We begin with the relevant facts. On December 14, 2006, plaintiff was involved in an auto accident and sustained physical injuries. At the time, she was insured under an auto policy issued by defendant. As required by statute, the policy provided personal injury protection (PIP), which applies to medical expenses and lost wages resulting from injuries in auto accidents. After the accident, plaintiff applied to defendant for PIP benefits.

On December 19, 2006, defendant sent plaintiff a form letter acknowledging her PIP claim. The letter states, in part:

"We are sorry to hear you were injured in an accident. The policy is in force for this loss and your Personal Injury Protection (PIP) medical claim has been assigned to me for handling.

"If you wish to make a claim under this coverage for any of the benefits listed below, please complete the enclosed Application for Benefits and sign the Authorization for Release of Information. * * *

"* * * * *

"Please be aware that we may deny, limit or terminate benefits if we determine the medical and hospital services are not reasonable or necessary, or not related to the accident. Oregon law requires you to be notified of your right to resolve any benefit disputes through arbitration. We do agree to binding arbitration if such disputes occur. Your specific rights and obligations are set out in the policy * * * and in ORS 742.520 to 742.544."

Plaintiff completed the paperwork and returned it to defendant as required. Defendant subsequently paid some, but not all, of plaintiff's PIP benefits.

One year and a half after the accident, on May 12, 2008, plaintiff brought this action against defendant in circuit court for breach of contract. In her complaint, plaintiff alleged that defendant had "breached its policy by failing and refusing to pay plaintiff's claim in full, instead paying only a portion of the required benefits due and owing." Specifically, plaintiff alleged that defendant had failed to pay $13,562.75 in accident-related medical expenses and $2,596.44 in lost wages. Plaintiff also alleged that she was entitled to attorney fees under ORS 742.061(1).

Because the amount in dispute was less than $50,000, the court transferred the action to its arbitration program. ORS 36.400(3). What happened next is not entirely clear from the record. It appears that the parties discovered that the only unpaid medical bill was for services provided by a Dr. Johnson. After defendant paid that bill, the parties

agreed that the only remaining issue was whether plaintiff was entitled to costs and attorney fees. They submitted that issue to the arbitrator. Plaintiff contended that she was entitled to attorney fees because defendant did not pay the Johnson bill in a timely fashion; she claimed that Johnson sent defendant the bill on August 10, 2007, and defendant did not pay it until November 21, 2008. Defendant, on the other hand claimed that Johnson did not send the bill until November 10, 2008. Without a written explanation, the arbitrator awarded plaintiff costs and attorney fees.

Defendant filed an exception to the attorney fee award in circuit court. *See* ORS 36.425(6).[1] In a written memorandum in support of the exception, defendant asserted that it was not liable for plaintiff's attorney fees because it had satisfied the requirement of ORS 742.061(2):

> "Pursuant to ORS 742.061(2) the arbitrator should not have awarded costs and attorney fees to plaintiff's attorney because, within six months of receiving plaintiff's Proof of Loss, Farmers agreed in writing (1) that it was accepting coverage of plaintiff's claim, (2) that the only issue was the amount of benefits due plaintiff, and (3) that any dispute regarding the amount of benefits to which plaintiff was entitled could be resolved through binding arbitration."

Defendant asserted that its December 19, 2006, letter "acknowledged receipt of plaintiff's Proof of Loss in her Personal Injury Protection (PIP) claim and agreed in writing

---

[1] ORS 36.425(6) provides:

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. Any party opposing the exceptions must file a written response with the court and serve a copy of the response on the party filing the exceptions. Filing and service of the response must be made within seven days after the service of the exceptions on the responding party. A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs. If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed. The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

to provide coverage as well as to submit any benefit dispute to binding arbitration."

Plaintiff filed a written response, arguing that the letter did not satisfy the requirements of ORS 742.061(2). Specifically, plaintiff argued that defendant had not agreed that "the only issue is the amount of benefits due." Plaintiff relied on the Supreme Court's decision in *Grisby v. Progressive Preferred Ins. Co.*, 343 Or 175, 166 P3d 519, *adh'd to as modified on recons*, 343 Or 394, 171 P3d 352 (2007), arguing:

> "In *Grisby*, the Court held that the statute applied only in cases where the question at issue is the <u>amount</u> of benefits due the insured. *Grisby* held that unless the insurer conceded that some amount was due, the statute did not apply. In our case, no amount was conceded to be due[.]"

(Underscoring in original.)

After a hearing, the trial court sustained defendant's exception. In a written order, the trial court held that, under ORS 742.061(2), defendant was not liable for attorney fees:

> "At issue here is the availability to the defendant of the 'escape clause' found in ORS 742.061(2). After the filing of the proof of loss the defendant responded with a form letter accepting coverage and expressing [a] willingness to submit any dispute as to the amount of benefits to binding arbitration. * * *

> "Plaintiff had the option of binding arbitration regarding the amount of benefits but chose to file in circuit court. Plaintiff prevailed in circuit court and, as the prevailing party, is entitled to her fees and costs. She is not, however, entitled to an award of attorney fees.

> "* * * * *

> "The Court concludes that the escape clause applies and that no attorney fees should be awarded."

Thus framed, the issue on appeal is whether, as the trial court held, defendant's December 19, 2006, letter exempted it from attorney fee liability. The governing statute, ORS 742.061, provides, in relevant part:

> "(1)  Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six

months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. * * *

"(2) Subsection (1) of this section does not apply to actions to recover personal injury protection benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a) The insurer has accepted coverage and the only issue is the amount of benefits due the insured; and

"(b) The insurer has consented to submit the case to binding arbitration."

Plaintiff argues that, under *Grisby*, defendant's December 19, 2006, letter does not satisfy the requirements of ORS 742.061(2)(a). As set out above, the letter states "we may deny, limit or terminate benefits if we determine the medical and hospital services are not reasonable or necessary, or not related to the accident." It also states that, "Oregon law requires you to be notified of your right to resolve any benefit disputes through arbitration. We do agree to binding arbitration if such disputes occur."

The Supreme Court considered a similar letter in *Grisby*. In that case, after the insured was injured in an auto accident, the insurer sent the insured a letter stating that it "[had] accepted coverage for [PIP] benefits." *Grisby*, 343 Or at 177. The letter explained that plaintiff's PIP coverage provided him with "coverage for reasonable and necessary medical expenses directly related to the accident," but that it would not pay benefits that did not meet that criterion. The letter also stated that, if the parties disputed "the amount of benefits due," the insurer was "willing to submit [the] case to binding arbitration." *Id.*

As in this case, the insured brought an action against his insurer after the insurer paid some, but not all, of the insured's PIP benefits. The insured prevailed, and sought attorney fees under ORS 742.061(1). The insurer argued that

it was not liable for attorney fees because, through the letter, it had satisfied the requirements of ORS 742.061(2).

On review, the insured argued that the insurer had not agreed that the "only issue [was] the amount of benefits due the insured" as required by ORS 742.061(2)(a). Under the terms of the letter, the insurer could still dispute whether an expense was related to the accident and whether it was reasonable and necessary. The insured argued that such disputes were about whether an expense was payable at all, and not only about "the amount of benefits due." The insurer countered that whether an expense was related to the accident and whether an expense was reasonable and necessary, was relevant to the "amount of benefits due." It argued that, if an expense was not relevant, reasonable, and necessary, then the "amount of benefits due" was zero. The court rejected the insurer's argument:

> "By [the insurer's] reasoning, however, *every* dispute about an insurance benefit—including whether a policy was in effect and the relationship between a claimed expense and the insured's accident, as well as disputes about the necessity and reasonableness of the provider's charge—is a dispute about the 'amount of benefits.' That interpretation, as [the] plaintiff suggests, would allow an insurer to defeat the attorney fee statute by routinely informing insureds that it 'accepted coverage' and then denying every specific request for payment. Moreover, it is inconsistent with the usual definition of amount. *See Webster's* [*Third New Int'l Dictionary*] 72 [(unabridged ed 2002)] (providing, as first definition of 'amount,' 'the total number or quantity : AGGREGATE * * *')."

*Id*. at 182 (emphasis in original). The Supreme Court concluded "that an 'issue' as to the 'amount of benefits' in ORS 742.061(2)(a) refers to a dispute concerning the dollar level of a claim for services that a provider submits to an insurer, and not to an insurer's denial of a particular claim for services[.]" *Id*. at 183.

As in *Grisby*, the letter in this case did not constitute a written statement that the insurer "[had] accepted coverage and the only issue [was] the amount of benefits due" as required by ORS 742.061(2)(a). The letter, which was written before *Grisby* was decided, states that defendant "may deny,

limit or terminate benefits if we determine the medical and hospital services are not reasonable or necessary, or not related to the accident." Under *Grisby*, a letter that leaves open the possibility that a claim for benefits may be denied outright, is not a letter that acknowledges that the only dispute is about the "dollar level" of a claim. Thus, defendant did not satisfy the statutory requirements to trigger the escape clause of ORS 742.061(2). The trial court erred in concluding otherwise.

On appeal, defendant offers two potential alternative bases for affirmance. First, defendant argues that plaintiff is not entitled to attorney fees because "there was no 'recovery' by plaintiff" as required to be entitled to attorney fees under ORS 742.061(1). Defendant's argument was not made below, and on appeal it is cursory; it consists of two sentences. We decline to address it because it is not developed and because, had it been made below, the evidentiary record might have developed differently, in that plaintiff might have presented additional evidence regarding the circumstances of the parties' settlement of plaintiff's benefits claim. *See Wright v. State Farm Mutual Automobile Ins. Co.*, 223 Or App 357, 372 n 16, 196 P3d 1000 (2008) (declining to address insurer's argument that was not cogently developed and might have implicated the development of a different factual record); *see also Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (to affirm on an alternative basis, the record must "materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below").

Defendant's second argument is that plaintiff is not entitled to attorney fees under ORS 742.061(1) because "settlement 'was made' within six months of the proof of loss." Defendant asserts, as it did below, that settlement was made within six months of proof of loss because it paid the Johnson bill within six months of receiving it. We cannot reach defendant's argument because it is premised on a disputed issue of fact—when defendant received the Johnson bill—which we cannot decide for the first time on appeal. *See, e.g., State v. Snyder*, 227 Or App 544, 552, 206 P3d 1083 (2009) (appellate

court will not resolve disputed factual issues on appeal when it is not exercising *de novo* review).

Reversed and remanded.