On respondent's petition for reconsideration filed June 24, and appellant's opposition to respondent's petition for reconsideration filed June 30, reconsideration allowed; former opinion (229 Or App 67, 210 P3d 908) modified and adhered to as modified August 12, petition for review denied November 24, 2009 (347 Or 348)

PHOENIX-TALENT SCHOOL DISTRICT #4,
a political subdivision of the State of Oregon,
*Plaintiff-Respondent,*

*v.*

Charlie HAMILTON
and Michael Thirkill,
*Defendants-Appellants.*

Jackson County Circuit Court
052105E2; A134433

215 P3d 111

Timothy C. Gerking, Thaddeus G. Pauck, and Brophy Mills Schmor Gerking Brophy & Paradis, LLP for petition.

Eric B. Mitton, Joseph E. Kellerman, and Hornecker, Cowling, Hassen & Heysell, L.L.P., for response.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiff Phoenix-Talent School District seeks reconsideration of the part of our opinion in *Phoenix-Talent School Dist. #4 v. Hamilton*, 229 Or App 67, 210 P3d 908 (2009), that remanded the case for entry of judgment in favor of defendants. We allow reconsideration and modify our opinion as set forth below.

This case involves a failure to complete a conveyance of real property from defendants Hamilton and Thirkill to the district under the terms of a sale agreement and earnest money receipt. The transaction failed because necessary lot line adjustments were not approved by the time of closing. The district filed a breach of contract complaint against defendants seeking specific performance and damages. Defendants' answer included various affirmative defenses, as well as counterclaims for declaratory relief. Defendants sought summary judgment on the district's claims for specific performance and damages. The district later cross-moved for summary judgment "on all of its claims" and against defendants on their counterclaims.

At the time the district filed its summary judgment motion, it moved for leave to file an amended complaint. The amended complaint added a new claim for relief for breach of defendants' duty of good faith and fair dealing in the implementation of the sale agreement. The trial court granted summary judgment to the district on its claim for specific performance of the contract. At the same time, the court allowed the filing of the amended complaint. The court then entered a limited judgment "in favor of [the district] and against defendants on its claim for specific performance" and directed performance of the contract. A supplemental judgment awarded attorney fees and costs to the district.

Defendants appealed, assigning error to the trial court's denial of their motion for summary judgment and to the allowance of plaintiff's motion. The primary issue on appeal was whether

> "the completion of the lot line adjustment was a component of defendants' performance and obligation to close the transaction on the assigned date, the timeliness of which

could be waived by the district, or whether, as defendants contend, the lot line adjustment was a condition precedent to the obligation to close so that, absent either waiver or satisfaction, its failure to occur rendered the agreement unenforceable after the closing date."

*Phoenix-Talent School Dist. #4*, 229 Or App at 72.

We determined that the lot line contingency stated a condition of closing, rather than a duty of defendants and that the parties had "a mutual obligation of good faith and fair dealing with respect to their respective roles in accomplishing the goal of a lot line adjustment, which would encompass both parties' cooperation in the lot line adjustment." *Id.* at 75. On the basis of the summary judgment record, we concluded that "defendants cooperated fully with the county and that the lot line adjustment could not be completed by the closing date because of matters that were outside of either party's control." *Id.* at 77. We held:

> "For the reasons expressed, we conclude that the trial court erred in denying defendants' motion for summary judgment and granting the district's cross-motion for summary judgment on the claim of specific performance. Necessarily, the supplemental judgment awarding attorney fees to the district is also reversed. In view of our holding, we do not address defendants' additional contention that the trial court erred in denying their motion for summary judgment on their counterclaim of rescission."

*Id.* at 78.

The district seeks reconsideration to correct a factual error in the opinion and to clarify the scope of its holding. In the opinion, we noted:

> "The agreement does not explicitly impose on defendants the duty to obtain the lot line adjustment. In fact, Section 6.2 makes the parties jointly responsible for initiating and bearing the costs of the lot line adjustment. It would appear from the text of the agreement that the lot line adjustment was an occurrence that the parties sought jointly as a prerequisite to defendants' ability to convey the property and to the district's obligation to purchase the property. Thus, the parties had a mutual obligation of good faith and fair dealing with respect to their respective roles in accomplishing the goal of a lot line adjustment, which

would encompass both parties' cooperation in the lot line adjustment. *The district does not assert that, other than defendants' refusal to extend the closing date a second time, defendants did not act in good faith.*[2]

---

"[2]   As an alternative ground for affirmance, the district asserts that defendants breached their implied duty of good faith and fair dealing in refusing to extend the closing date a second time. *At the time of trial, that claim had not been pleaded, and it was not tried to the court.* We cannot say that the record would not have been developed differently had it been tried to the court. *Outdoor Media Dimensions Inc. v. State of Oregon,* 331 Or 634, 659-60, 20 P3d 180 (2001). We therefore decline to consider it as an alternative ground for affirmance."

*Phoenix Talent School Dist. #4,* 229 Or App at 75 (emphasis added).

The district complains that both italicized sentences are not correct. We agree. The district did contend that defendants did not act in good faith in seeking and processing the lot line adjustment request. In fact, we addressed that contention in the opinion in evaluating the merits of the specific performance claim, and concluded:

"In truth, defendants did not 'control' the outcome of the lot line adjustment application process. Despite the parties' joint efforts, the county denied the lot line adjustment application. Our own review of the record on summary judgment leads us to conclude that defendants cooperated fully with the county and that the lot line adjustment could not be completed by the closing date because of matters that were outside of either party's control."

*Id.* at 77. Thus, the sentence "[t]he district does not assert that, other than defendants' refusal to extend the closing date a second time, defendants did not act in good faith" is incorrect and is stricken.

Footnote two of the opinion is also incorrect. The proceeding below was a summary judgment hearing and not a trial. The parties argued about defendants' good faith in the

processing of the lot line adjustments in the summary judgment proceedings and on appeal, and the trial court determined that question as part of the resolution of the specific performance claim. But it is less clear if any other good faith and fair dealing issue, including any purported obligation to extend the closing date a second time, was evaluated by the trial court or was justiciable prior to the filing of the amended complaint. In any event, the trial court did not rule on any other good faith and fair dealing claim pleaded by the district's third claim for relief in the amended complaint. Footnote two of the opinion is stricken.

The disposition of the case remains the same. To clarify, however, we determined only that the trial court erred in denying defendants' motion for summary judgment with respect to the specific performance claim pleaded in the district's first claim for relief. The resolution of the district's second and third claims for relief, as well as defendants' counterclaims, remains for determination by the trial court, and we express no opinion on the damages claim and the remaining good faith and fair dealing claim.

Reconsideration allowed; former opinion modified and adhered to as modified.