Argued and submitted May 5, reversed and remanded  July 7, 2016

Nikolay Vasilyevich KACHAN,
*Plaintiff-Appellant,*

*v.*

COUNTRY PREFERRED
INSURANCE COMPANY,
*Defendant-Respondent.*

Multnomah County Circuit Court
140404618; A158554

379 P3d 829

Rankin Johnson, IV, argued the cause and filed the briefs for appellant.

Kirsten L. Curtis argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**LAGESEN, J.**

Plaintiff, who is insured under a policy issued by defendant insurer, appeals a general judgment in favor of defendant in plaintiff's action for Personal Injury Protection (PIP) benefits. The trial court entered the judgment after granting summary judgment to defendant on the ground that plaintiff's failure to comply with defendant's demand to participate in an examination under oath (EUO) "is a violation and breach of the applicable insurance policy provision requiring an EUO and cooperation from the policyholder" that barred plaintiff from recovering PIP benefits. We conclude that the summary judgment record evidences factual disputes as to whether plaintiff's failure to comply with defendant's demand for an EUO was a violation of the policy and, for that reason, reverse and remand.

We review a trial court's grant of summary judgment to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Hinchman v. UC Market, LLC*, 270 Or App 561, 566, 348 P3d 328 (2015). Summary judgment is proper if the record, when viewed in the light most favorable to the nonmoving party—here, plaintiff—would not permit an objectively reasonable factfinder to find in favor of that party on the matter put at issue by the summary judgment motion. *Hinchman*, 270 Or App at 566.

As required by our standard of review, we state the facts pertinent to our review in the light most favorable to plaintiff.

Plaintiff is insured under Auto Insurance Policy issued by defendant. The policy provides for PIP benefits in the amount of $15,000. After plaintiff was injured in a rear-end collision in March 2013, he sought chiropractic treatment and made a claim for PIP benefits.

At defendant's request, plaintiff participated in an independent medical examination (IME). The IME doctor, who examined plaintiff and his medical records, found it reasonable to think that plaintiff had suffered soft tissue

injuries in the accident, and also that it was reasonable for plaintiff to seek chiropractic treatment for those injuries. He opined that plaintiff needed further treatment, but for no longer than "six months post accident." The IME doctor also opined that the "current frequency" of plaintiff's treatment with this treating chiropractor "does not appear to be reasonable." He recommended an ongoing treatment regimen "at a frequency of twice a week for two weeks, then once a week for three weeks, and then once every other week over an additional month." He also recommended that the treatment should include "instruction in exercise with further development of a home-based program."

After receiving the report of the IME doctor, defendant notified plaintiff that it would consider the treatment regimen recommended by the IME doctor to be reasonable and necessary, but that treatment exceeding that recommendation would not be deemed to be reasonable or necessary, and would not be payable under the claim. Defendant alerted plaintiff that if plaintiff contested that determination, plaintiff could file a civil action or request to arbitrate the dispute. Plaintiff, through his attorney, responded that plaintiff's chiropractor stood by his treatment recommendations, supplied defendant with additional medical documentation, stated that he thought he had a strong case in arbitration regarding his need for additional treatment, and asked how defendant would like to proceed.

In response, defendant, through its attorney, wrote a letter to plaintiff's attorney demanding that plaintiff participate in an EUO. The letter did not explain why defendant required an EUO, except to state that defendant "has elected to exercise its right under the insurance policy to take your client's examination under oath." The letter directed plaintiff to appear for a videotaped examination at the offices of plaintiff's attorney, and to bring with him an expansive array of written materials to support his claim. Although some of the materials that defendant directed plaintiff to bring related to the dispute between the parties regarding the proper scope of the medical treatment for plaintiff's injuries from the accident, a lot did not. Among other things, plaintiff was directed to bring:

- "Any insurance policies or claim documents (such as Proof of Loss or letter communications) concerning any other insurance claim which your client has ever made up to the date of examination under oath."

- "Any insurance policy application your client has filled out within the last three years and any insurance policies or binders issued within the last three years by any other insurance company of his real or personal property."

- "All documents involving inheritances, gifts or bequests from 2003 to present."

- "Federal income tax returns for 2010, 2011 and 2012."

- "Copies of any payroll stubs, wage receipts, or any documents indicated wages, salaries, or commissions paid to your client for the year 2013."

- "W-2 forms or any other records indicating employment or income for two years before the loss."

- "Copies of any correspondence and written communications with any creditors or other person to whom your clients owed money in the 12 months immediately preceding the loss."

The letter further informed plaintiff that if he did not submit to the EUO, he risked forfeiture of his benefits.

Plaintiff's attorney responded by providing some of the requested documents. However, plaintiff's attorney questioned how much of the requested information bore on plaintiff's claim for PIP benefits, as well as why an EUO would be needed to address the PIP claim, in the light of plaintiff's previous participation in the IME, and the narrow scope of the issues presented by plaintiff's claim for PIP benefits. Defendant, through its attorney, continued to press for the requested EUO and documents, which plaintiff's attorney continued to oppose. After approximately two months of back-and-forth correspondence[1] regarding the

---

[1] The record reflects that this correspondence, particularly the letters from plaintiff's trial attorney (who is not the attorney who appeared before us in this appeal) does not model professional civil discourse. Our resolution of this appeal in plaintiff's favor should not be understood to suggest otherwise; indeed, it's hard not to wonder whether the adoption of a more measured tone could have led to a more expedient resolution of this dispute.

justification for the EUO, defendant denied plaintiff's claim based on plaintiff's failure to submit to the EUO.

Plaintiff filed this action. Defendant moved for summary judgment on the ground that plaintiff's failure to cooperate with its demand for an EUO violated the policy's specification that, "[t]he injured person must submit to examinations under oath and subscribe the same when and as often we may reasonably require," as well as its general provision requiring plaintiff's cooperation, and that that breach barred plaintiff's recovery. Plaintiff opposed the motion, arguing that (1) the policy provision allowing defendant to "reasonably require" is contrary to the PIP statutes, ORS 742.518 to 742.542, which do not expressly authorize a defendant to require an EUO in connection with a claim for PIP benefits; and (2) there are factual disputes as to whether defendant had "reasonably required" the requested EUO. The trial court agreed with defendant and entered judgment in its favor. Plaintiff appeals; on appeal, he renews the arguments that he presented to the trial court.

As to plaintiff's first argument—that the policy provision permitting defendant to "reasonably require" an EUO in connection with a PIP claim is invalid as a matter of law—we are not persuaded. Plaintiff is correct that the PIP statutes, ORS 742.518 to 742.542—unlike the statutes governing claims for uninsured motorist coverage, *see, e.g.*, ORS 742.504(5)(a)—do not speak expressly to the permissibility of examinations under oath. However, plaintiff has identified nothing in the PIP statutes that suggests to us either that the legislature categorically intended to prohibit a PIP policy provision authorizing a defendant to "reasonably require" a plaintiff to submit to an examination under oath, or that allowing defendants to include such a provision would frustrate the purpose of those provisions, provided that the insurer otherwise acts in accordance with those provisions. On the contrary, permitting an insurer to demand an EUO when the circumstances make it reasonable to do so, and when the insurer otherwise complies with the applicable requirements of the PIP statutes, would seem to facilitate the efficient resolution of PIP claims. It also is consistent with an insurer's obligation to conduct a reasonable investigation of the claim. *See, e.g., Ivanov v. Farmers*

*Ins. Co.*, 344 Or 421, 430, 185 P3d 417 (2008) (an insurer is obligated to conduct a reasonable investigation before denying a claim, ORS 746.230; failure to do so means the denial of a claim (even if timely) will not cut off the presumption that claimed medical expenses are reasonable and necessary, and an IME may "be required as part of a reasonable investigation, depending on the facts of an individual claim").[2]

As to plaintiff's second argument, we agree that there are factual disputes as to whether plaintiff's failure to comply with defendant's request for an EUO constituted a breach of the policy. By its plain terms, the policy provision does not give defendant unqualified authority to demand that plaintiff submit to an EUO. Instead, defendant's authority to demand an EUO is qualified by a reasonableness requirement: "The injured person must submit to examinations under oath and subscribe the same when and as often we may *reasonably* require." Although defendant asks us to construe that provision to mean that only the "time and frequency" of EUOs be reasonable, not that a demand for an EUO need otherwise be reasonable, we are unable to read the provision in that way. It is not plausible to think that either party intended for defendant to be able to require an EUO for unreasonable reasons—say, for the purpose of harassing or oppressing plaintiff—so long as defendant scheduled the EUO for a reasonable time, and had not required too many EUOs previously. Rather, we think the provision means what it states on its face: that defendant may require a plaintiff to submit to an EUO *when* it is reasonable for defendant to do so in connection with a claim.

Accordingly, if defendant was not reasonable in requiring plaintiff to submit to an EUO, plaintiff's failure

---

[2] Plaintiff's arguments in this appeal, as we understand them, are that the EUO policy provision is invalid as a matter of law, and that, alternatively, if the policy provision is valid, then there are factual disputes as to whether defendant was reasonable in requiring the EUO requested of plaintiff; those are the issues that we address and resolve. Plaintiff has not argued that the PIP statutes require defendant to pay the claimed benefits regardless of plaintiff's cooperation with the EUO request (if the request was reasonable and the provision valid), and has not otherwise disputed that defendant's non-cooperation defense is legally cognizable in the context of an action for PIP benefits. We express no opinion on those issues.

to submit to the EUO did not constitute a breach of the policy. Assuming without deciding that plaintiff would bear the burden of proving at trial that defendant did not "reasonably" require the requested EUO, that means that if the summary judgment record would permit an objectively reasonable factfinder to find that defendant was not reasonable in requiring the EUO, summary judgment should not have been granted.[3]

The record would permit an objectively reasonable factfinder to make that finding. Specifically, an objectively reasonable factfinder could find that defendant demanded that plaintiff participate in a broad and intrusive EUO to address issues with little or no bearing on plaintiff's PIP claim upon pain of forfeiture of PIP benefits. A factfinder could find that defendant did so after plaintiff alerted defendant that they may need to arbitrate the scope of reasonable and necessary benefits. A factfinder could further find that, when plaintiff questioned the scope of the proposed EUO, defendant persisted in demanding that plaintiff participate in the requested EUO, notwithstanding the lack of any apparent reason for such an expansive examination of plaintiff, given the narrow scope of the claim at issue. Those facts regarding the scope and timing of defendant's EUO request would permit the inference that defendant required the EUO unreasonably for the purpose of harassing plaintiff (perhaps to dissuade him from pursuing arbitration over the dispute between the medical professionals as to the proper course of treatment), rather than reasonably for the purpose of investigating plaintiff's claim, and that plaintiff's failure to submit to that unreasonably required EUO therefore did

---

[3] The parties appear to dispute who bears the burden of proof on whether the EUO was one that was reasonably required. Plaintiff argues that defendant would bear the burden of proving that defendant reasonably required the EUO; defendant argues that plaintiff would bear the burden of proving policy compliance, suggesting that plaintiff would bear the burden of proving that defendant acted unreasonably in requiring the EUO. We need not resolve that question at this time. Regardless of who would bear the burden of proof, the summary judgment record evidences a dispute of fact as to whether defendant reasonably required the EUO. If plaintiff bears the burden of proof, the evidence discussed below, for the reasons discussed below, is sufficient to permit a finding that defendant unreasonably required the EUO. If defendant bears the burden of proof, the same evidence precludes the conclusion that a reasonable factfinder would be compelled to find that defendant acted reasonably in requiring the EUO.

not violate the policy. Therefore, on this record, there is a factual dispute as to whether insurer reasonably required an EUO, and the trial court erred by granting summary judgment.

Reversed and remanded.