Argued and submitted August 9, affirmed December 7, 2016, petition for review denied March 23, 2017 (361 Or 240)

Erin McBRIDE,
*Plaintiff-Appellant,*

*v.*

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
a foreign corporation,
*Defendant-Respondent,*

*and*

Erica WAYT,
an individual,
*Defendant.*

Multnomah County Circuit Court
131115747; A159232

386 P3d 679

Wade M. Bowyer argued the cause for appellant. With him on the briefs was Paul Krueger Law Firm, PC.

Ralph C. Spooner argued the cause for respondent. With him on the brief were Melissa J. Ward, Ryan P. Bickler, and Spooner & Much, P.C.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

**SHORR, J.**

Plaintiff appeals a judgment entered after the trial court granted summary judgment in favor of defendant State Farm Mutual Automobile Insurance Company (State Farm). Plaintiff assigns error to the trial court's grant of summary judgment to State Farm and its denial of plaintiff's cross-motion for partial summary judgment. For the reasons that follow, we conclude that the trial court neither erred in granting State Farm's motion for summary judgment nor in denying plaintiff's cross-motion for partial summary judgment. Accordingly, we affirm.

Most of the facts material to our analysis are undisputed.[1] Because some of the facts relating to plaintiff's motor vehicle liability insurance contract with State Farm are inextricably tied to the Oregon statutes that require a motor vehicle insurer to provide personal injury protection (PIP) benefits with liability coverage, we discuss both the facts and the relevant Oregon PIP statutes together.

Plaintiff purchased motor vehicle liability insurance from State Farm. Oregon law requires that "[e]very motor vehicle liability policy issued for delivery in this state that covers any private passenger motor vehicle shall provide personal injury protection benefits" to the insured, among other persons. ORS 742.520(1). PIP benefits include benefits for the "injury or death" of a person resulting from the "use, occupancy or maintenance" of, with limited exceptions, "any motor vehicle." ORS 742.520(2). Those benefits include, as relevant here, "[a]ll reasonable and necessary expenses of medical * * * services incurred within two years after the date of the person's injury, but not more than $15,000 in the aggregate for all such expenses of the person." ORS 742.524(1)(a).[2]

Oregon law requires that "[a]n insurer shall pay all personal injury protection benefits promptly after proof

---

[1] As discussed below, plaintiff does dispute whether the facts indicate that plaintiff's conduct in continuing to fail to attend a medical examination compelled by State Farm was unreasonable or prejudiced State Farm.

[2] ORS 742.524 has been amended once since plaintiff was in the automobile accident underlying this case; however, because that amendment does not affect our analysis, we refer to the current version of the statute in this opinion.

of loss has been submitted to the insurer." ORS 742.520(4). Thus, the PIP statutes were created "to provide, promptly and without regard to fault, reimbursement of some out-of-pocket losses resulting from motor vehicle accidents." *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 300, 613 P2d 32 (1980).

The Oregon legislature has provided certain presumptions regarding PIP benefit claims. As relevant here, medical expenses are "presumed to be reasonable and necessary unless the [medical] provider receives notice of denial of the charges not more than 60 calendar days after the insurer receives from the provider notice of the claim for the services." ORS 742.524(1)(a). If an insurer denies payment of PIP benefits, the insurer has a duty to "[p]rovide written notice of the denial, within 60 calendar days of receiving a claim from the provider, to the insured" and must explain the reasons for the denial and the method for contesting the denial. ORS 742.528(1). The insurer must also provide a copy of the notice of the denial to the medical provider within the same 60-day time frame. ORS 742.528(2).

As mandated by Oregon law, State Farm's motor vehicle liability insurance policy provided PIP benefit coverage to plaintiff. State Farm's policy promised that

> "[w]e will pay personal injury protection benefits in accordance with the [Oregon] Personal Injury Protection Act for bodily injury to an insured caused by accident resulting from the occupancy, maintenance or use of a motor vehicle."

(Emphasis and boldface omitted.)[3] The policy also provided that State Farm reserved the right to use a medical examination of any injured person to determine if: "(1) the bodily injury was caused by a motor vehicle accident; and (2) the expenses incurred are reasonable medical expenses for the bodily injury sustained[.]" (Emphasis and boldface omitted.) In other words, State Farm reserved the right to compel a medical examination of an injured person to determine,

---

[3] Key policy terms are bolded in the original portions of the two pages of the insurance policy that State Farm submitted in support of its summary judgment motion below. It may be that the bolded policy terms are defined terms in other portions of the policy that were not made part of the record either by State Farm or plaintiff.

among other things, whether it believed the injured person's medical expenses were reasonable and necessary.

While insured by State Farm, plaintiff was in an automobile accident on November 23, 2011. Plaintiff's vehicle was struck in the rear by a second vehicle, which, in turn, had been rear-ended by a third vehicle that had pushed the second vehicle forward into plaintiff's vehicle. As a result of her accident, plaintiff sought medical and physical therapy services and submitted the resulting expenses to State Farm for reimbursement. Plaintiff submitted and was reimbursed for medical expenses up until June 2012.

On July 12, 2012, a State Farm claims representative responsible for Oregon PIP benefits called plaintiff to set up a medical examination in accordance with the policy requirements to assess the medical expenses that plaintiff submitted in June. The representative felt that a medical examination was appropriate to determine whether plaintiff was still incurring reasonable and necessary medical expenses from the accident because of a gap in her medical treatments, the type of treatment that was resumed, the length of time she was previously treated, and the nature of the impact of the accident. The representative told plaintiff that State Farm would be unable either to pay or deny plaintiff's pending PIP claims as of June 2012 until State Farm received the results of the medical examination.

The medical examination was scheduled for August 10, 2012, but plaintiff failed to show up for it.[4] Plaintiff later testified that she did not know why she did not show up for the examination, but she had made the decision not to attend. On August 10, after plaintiff failed to attend the examination, the State Farm representative called plaintiff and discovered that she was now represented by an attorney. State Farm called plaintiff's attorney on August 21, August 29, September 13, and October 15 to try to reschedule the medical examination. Plaintiff's attorney's office assistant and paralegal received and noted State Farm's incoming phone

---

[4] Plaintiff's medical examination was scheduled within the initial 60-day acceptance or denial period under ORS 742.524(1)(a) and ORS 742.528. The first medical invoices at issue were received by State Farm on June 22 and 29, 2012, and the medical examination was scheduled for August 10, 2012.

messages, but an attorney never responded to set up an appointment. Plaintiff never participated in State Farm's requested medical examination.

State Farm refused to pay the medical bills pending from June 2012 and after. The claims representative testified that he denied the bills because of plaintiff's failure to cooperate with the compelled medical examination and State Farm's inability to determine that the bills "met the criteria of reasonable and necessary" expenses. Significant to our analysis, State Farm did not send a *timely* written denial of plaintiff's PIP claims to the insured within 60 days of receipt of the claims as required by ORS 742.528. State Farm ultimately did send written denials of the PIP claims in letters to plaintiff in which State Farm also noted that it had requested that plaintiff attend a medical examination, but had received no results from any examination. However, State Farm also said it would consider plaintiff's claims anew when it received results from a medical examination. State Farm wrote plaintiff:

> "Because we have not received the results [of the requested medical examination], we are unable to consider payment of your pending bills. Accordingly, we are denying the charges for the date(s) of service shown above under the PIP coverage of your policy.
>
> "Once we have received the requested information, we will reconsider these charges as a new claim for payment under your policy."

As noted, however, those written denials were not sent within 60 days of receipt of the notice of the claims as required by ORS 742.528(1).

Plaintiff later filed a lawsuit against State Farm asserting two claims for relief that sought damages for State Farm's failure to pay the promised and statutorily required PIP benefits.[5] State Farm moved for summary judgment

---

[5] Plaintiff initially asserted a claim seeking "Payment of Personal Injury Protection (PIP) Benefits," which appeared to be based on State Farm's alleged breach of the insurance contract and duties under the Oregon PIP statutes, and a claim for "Breach of Implied Covenant of Good Faith." Plaintiff later amended her complaint and clarified that the latter claim was for "Tortious Breach of Implied Covenant of Good Faith." Both claims essentially sought damages for State Farm's denial of PIP benefits.

against all of plaintiff's claims. State Farm argued that, as a matter of law, it was relieved of the obligation to pay plaintiff's PIP benefits under the insurance policy because plaintiff never attended the medical examination that was required by the State Farm policy. State Farm argued that plaintiff's participation in the medical examination was a "condition precedent" that must be satisfied before State Farm had an obligation to pay reasonable and necessary medical expenses (or had the ability to confirm that there were reasonable and necessary medical expenses). It further argued that State Farm did not have to prove, under a condition-precedent analysis, that it was prejudiced by plaintiff's failure to attend the medical examination. Alternatively, State Farm argued that plaintiff's "non-cooperation" prejudiced State Farm in its ability to determine, within 60 days, that the medical expenses plaintiff incurred from June 2012 and later were reasonable and a necessary result of the November 2011 accident.

As stated above, plaintiff cross-moved for partial summary judgment. Plaintiff argued that, regardless of any other facts, State Farm's failure to give timely written notice to plaintiff denying the claims meant that the claims were not only presumed reasonable and necessary, but that that presumption was conclusive and could not be rebutted. Plaintiff argued that, as a result, State Farm owed plaintiff all of the PIP benefit claims that were submitted starting in June 2012 and going forward.

Plaintiff's attorney represented to the court at the summary judgment hearing in February 2015 that his client would still be willing to take a medical examination, but provided no declaration or evidence from his client, and plaintiff never attended any examination. Plaintiff also argued that her conduct in missing the examination was reasonable and that State Farm would suffer no prejudice by any belated medical examination, even if the examination took place two years after the initial accident and injury. However, despite that contention, plaintiff also maintained

---

Plaintiff also asserted a negligence claim against the individual driver who allegedly caused the original accident, but that claim was resolved during the trial court proceedings and is not before us.

that she could argue to the jury that a two-year delayed medical examination was essentially stale and irrelevant in deciding whether the medical expenses were reasonable and necessary.

At the summary judgment hearing, the trial court explained that it was granting summary judgment to State Farm based, first, on plaintiff's initial "lack of cooperation" when she failed to participate in the originally scheduled medical examination within 60 days. It then stated that, as an additional matter, plaintiff's counsel's ongoing failure to cooperate in any rescheduled medical examination for months after the initial 60 days prevented a "contemporaneous" medical examination and prejudiced State Farm in its ability to determine if the medical expenses were necessary and reasonable. As noted, the trial court then granted summary judgment to State Farm against all of plaintiff's claims and denied plaintiff's motion for partial summary judgment.[6] It issued a judgment dismissing plaintiff's claims with prejudice.

Plaintiff assigns error to both the trial court's grant of summary judgment to State Farm and the court's denial of plaintiff's motion for partial summary judgment. In such circumstances, "the record on summary judgment consists of documents submitted in support of and in opposition to both motions." *Citibank South Dakota v. Santoro*, 210 Or App 344, 347, 150 P3d 429 (2006), *rev den*, 342 Or 473 (2007). We review each of the cross-motions to determine "whether there are any disputed issues of material fact and whether either party was entitled to judgment as a matter of law." *Vision Realty, Inc. v. Kohler*, 214 Or App 220, 222, 164 P3d 330 (2007).

We first address plaintiff's argument that the trial court erred in denying her motion for partial summary judgment. Plaintiff contends that State Farm's failure to send a timely denial of the PIP claims not only resulted in the presumption that plaintiff's medical expenses were "reasonable

---

[6] Judge pro tempore Michael A. Greene issued the order granting summary judgment to defendant and denying partial summary judgment to plaintiff. Multnomah County Circuit Court Presiding Judge Nan Waller later signed and entered the general judgment of dismissal.

and necessary," but also that such a presumption was conclusive and could not be rebutted by State Farm. As we discuss below, we conclude that the trial court did not err in denying plaintiff's motion for summary judgment on that basis. While plaintiff is correct that she is entitled to a presumption that her medical expenses were reasonable and necessary because they were not timely denied by State Farm within 60 days, that presumption is not conclusive and may be rebutted by State Farm. *Ivanov v. Farmers Ins. Co.*, 344 Or 421, 429, 185 P3d 417 (2008).

We initially consider the legal effect of State Farm's failure to send a denial of the PIP claims within 60 days, particularly in light of plaintiff's failure to participate in State Farm's requested medical examination within that time period. The relevant text of ORS 742.524(1)(a) and ORS 742.528 resolves this issue. ORS 742.524 provides, in relevant part:

"(1)  Personal injury protection benefits required by ORS 742.520 consist of the following payments for the injury or death of each person:

"(a)  All reasonable and necessary expenses of medical * * * services incurred within two years after the date of the person's injury, but not more than $15,000 in the aggregate for all such expenses of the person. Expenses of medical * * * services are presumed to be reasonable and necessary unless the provider receives notice of denial of the charges not more than 60 calendar days after the insurer receives from the provider notice of the claim for the services. At any time during the first 50 calendar days after the insurer receives notice of claim, the provider shall, within 10 business days, answer in writing questions from the insurer regarding the claim. For purposes of determining when the 60-day period provided by this paragraph has elapsed, counting of days shall be suspended if the provider does not supply written answers to the insurer within 10 days and may not resume until the answers are supplied."

Thus, PIP benefits, required to be included in motor vehicle liability policies by ORS 742.520, include "reasonable and necessary" medical expenses incurred within two years of the date of the person's injury up to a statutory cap of $15,000. Those expenses are presumed to be "reasonable

and necessary" unless the medical provider receives notice of denial of the charges within 60 calendar days.

ORS 742.528 then sets forth more completely the requirements for any written notice of denial of a claim within 60 calendar days. That statute provides:

"An insurer who denies payment of personal injury protection benefits to or on behalf of an insured shall:

"(1)   Provide written notice of the denial, within 60 calendar days of receiving a claim from the provider, to the insured, stating the reason for the denial and informing the insured of the method for contesting the denial; and,

"(2)   Provide a copy of the notice of the denial, within 60 calendar days of receiving a claim from the provider, to a provider of services under ORS 742.524(1)(a)."

*Id.* Thus, both ORS 742.524 and ORS 742.528 require the insurer to give notice of any denial of a PIP claim within 60 calendar days, and ORS 742.524 states that the PIP claim is presumed to be reasonable and necessary "unless" the medical provider receives notice of the denial within that 60 calendar day period.

State Farm argues, however, that it had both (1) a right to compel a medical examination under its insurance policy with plaintiff to determine if plaintiff suffered reasonable and necessary medical expenses and (2) an obligation to investigate plaintiff's PIP claims. It next argues that plaintiff prejudiced State Farm's ability to send a *timely* denial of the PIP claims when she continued to fail to show up for a medical examination. State Farm argues that it was, therefore, excused from sending a timely denial of the PIP claims.

Significantly, plaintiff does not contend, as a legal matter, that State Farm had no contractual right under the policy to compel plaintiff to attend a medical examination.[7] Rather, as discussed previously, plaintiff argued to the

_____

[7] In *Ivanov*, the Supreme Court held that an insurer has an obligation under the PIP statutes and ORS 746.230(1)(d) (part of the unfair claims settlement practices statute) to conduct a "reasonable investigation sufficient to support a decision to deny a medical expense claim that is statutorily presumed to be reasonable and necessary." 344 Or at 430 (internal quotation marks omitted).

trial court that plaintiff's failure to attend was reasonable and did not prejudice State Farm. However, even granting that State Farm had a contractual right to compel a medical examination and an obligation to investigate plaintiff's PIP claims, we conclude that State Farm still had to deny plaintiff's PIP medical claims, based on the information that it had or reasonably could obtain, within 60 days under ORS 742.524 or the claims were presumed reasonable and necessary.

Neither ORS 742.524 nor ORS 742.528 speaks of any tolling period that would suspend an insurer's obligation to deny a claim within 60 days if the insured fails to attend a requested medical examination within that 60-day period. In contrast, ORS 742.524(1)(a) does provide a tolling period if a medical provider fails to timely respond to certain questions from the insurer about the claim that were sent to the provider within the first 50 days of the claim. *See* ORS 742.524(1)(a) (suspending the time for the insurer to grant or deny a PIP claim when a provider does not supply written answers to an insurer's timely questions about the PIP claim within a 10-day period). The absolute requirement for an insurance company to provide a written denial within 60 calendar days and the absence of any tolling period for an insured's failure to attend a required medical examination—particularly when the legislature specifically provided for tolling in other related circumstances—indicates that the legislature did not intend to excuse an insurance company from sending a written denial when the insured fails to show up for a medical examination during the initial 60-day, post-claim period.

In other words, State Farm still had an obligation under the PIP statutes, ORS 742.524 and ORS 742.528, to

Specifically, ORS 746.230(1)(d) makes it an unfair claims settlement practice for an insurer to "[r]efus[e] to pay claims without conducting a reasonable investigation based on all available information." *Ivanov* states that, while the PIP statutes "do not expressly require [a medical examination] in every instance, [a medical examination] may nevertheless be required as part of a reasonable investigation, depending on the facts of an individual claim." 344 Or at 431. We conclude that, whether or not plaintiff's medical examination was required or completed, State Farm still had an obligation under ORS 742.524(1)(a) and ORS 742.528 to provide a written denial of plaintiff's PIP claims if State Farm wanted the burden to be on plaintiff to prove that her claims were "reasonable and necessary."

issue a timely denial within 60 days of the receipt of plaintiff's PIP claims despite plaintiff's failure to appear at the initial medical examination. Further, nothing prevented State Farm from issuing the PIP denials during the initial 60-day period based on the information it had already obtained and its inability to further investigate the reasonableness and the necessity of plaintiff's claims due to plaintiff's failure to participate in a medical examination during that 60-day period. Indeed, State Farm sent precisely those written denials. However, it only sent them after the 60-day period had run. Plaintiff's failure to attend the medical examination did not prejudice State Farm's ability to send timely written denials within the first 60 days. State Farm just sent those denials too late. In sum, State Farm failed to issue a timely denial of plaintiff's PIP claims, and plaintiff is, therefore, entitled to a presumption that the medical expenses comprising her PIP claims are "reasonable and necessary."

Plaintiff next argues that the resulting presumption is *conclusive* and that the trial court erred in denying her motion for partial summary judgment because State Farm waived the right to contest plaintiff's PIP claims when it failed to timely deny them. Plaintiff argues to us that "[d]efendant's failure to provide timely written notice of acceptance or denial of coverage under ORS §§ 742.524 and 742.528 results in a waiver of its right to challenge the reasonableness or necessity of plaintiff's claims." That contention is wrong. The Supreme Court directly rejected that argument in *Ivanov.* 344 Or at 429. In *Ivanov*, the Supreme Court interpreted ORS 742.524(1)(a) *and* ORS 40.120 (OEC 308), which provides the burden of proof for a presumption in a civil case in similar circumstances. 344 Or at 429. It concluded that

> "the presumption established by the legislature in ORS 742.524(1)(a) attaches to PIP claims at their inception and, once established, functions as any other civil presumption, *i.e.*, it shifts the burden of proof to the party against whom it is directed—in this case, the insurer."

*Id.* Thus, the presumption is not conclusive. The presumption that the PIP claims include only reasonable and necessary medical expenses exists from the filing of the claims and,

if not timely denied, the burden is on the insurer to prove that the medical expenses are *not* reasonable and necessary. There is no "conclusive" presumption in favor of either the insured or insurer that would prevent the opposing party from creating a potential fact issue. *See also id.* at 429 n 5 (noting that the legislature previously had distinguished between conclusive presumptions, rebuttable presumptions, and permissive inferences in the Oregon Evidence Code, but has since omitted any references to conclusive presumptions in that code).[8] In sum, while plaintiff was still entitled to a presumption that her PIP claims were reasonable and necessary under ORS 742.524(1)(a), that presumption is not conclusive, and plaintiff was not entitled to partial summary judgment on her PIP claims on that basis.

We next address plaintiff's argument that the trial court erred in granting State Farm's motion for summary judgment against plaintiff's PIP claims. The trial court essentially held that plaintiff's *continuing* failure to attend any "contemporaneous" medical examination after the 60-day period had expired, particularly when coupled with plaintiff's refusal to abandon the argument that any future medical examination of plaintiff's injuries by State Farm would be stale and irrelevant, prejudiced State Farm in its ability to defend against plaintiff's claims and must result in the dismissal of those claims. As noted at the outset of this opinion, State Farm argued in the trial court, as it does before us, that either (1) plaintiff's ongoing refusal to attend the medical examination prejudiced State Farm and results in the "forfeiture" of plaintiff's rights under the PIP policy provision or (2) plaintiff's obligation to attend the medical examination is a "condition precedent" to State Farm's obligation to pay PIP benefits. Plaintiff argued in response, in both the trial court and before us, that the PIP policy's requirement of a medical examination is a condition of forfeiture requiring State Farm to prove that it was prejudiced by plaintiff's failure to attend. Plaintiff contends, however,

---

[8] We note that the introduced version of House Bill 2443 (1987), which added the relevant language now in ORS 742.524 and ORS 742.528, initially provided that "[e]xpenses of medical * * * services shall be *conclusively* presumed to be reasonable and necessary unless the provider is given notice of the denial * * *." (Emphasis added.) The word "conclusively" was later struck and did not appear in the enacted bill. *See* Or Laws 1987, ch 588, § 2.

that an issue of fact exists regarding the reasonableness of her conduct and the absence of prejudice to State Farm.

In resolving the summary judgment motion, the trial court referred to the "prejudice" to State Farm caused, in part, by plaintiff's failure to attend the medical examination. Thus, the trial court appears to have concluded that plaintiff's failure to attend a medical examination required by the insurance policy was a "condition of forfeiture" of rights under that policy. The court did not address State Farm's alternative "condition precedent" theory.

Accordingly, we next address the legal issue of whether an insured's duty to participate in an otherwise valid medical examination required by an insurance policy is a condition precedent to the insured's right to receive PIP benefits or instead a condition of forfeiture, potentially resulting in the loss of benefits if the insurance company proves it has suffered prejudice. *See Wright v. State Farm Mutual Automobile Ins. Co.*, 223 Or App 357, 370-71, 196 P3d 1000 (2008) (noting that there are several types of contractual conditions in insurance policies, including among others, a condition precedent and a condition of forfeiture).

We have described the test for, and the examples of, conditions of forfeiture as follows:

> "A condition of forfeiture exists when there is insurance coverage for the loss in the first place, but acts of the insured nullify the coverage * * *. A condition of forfeiture disallows claims that otherwise are covered under a policy. Examples of conduct by the insured that triggers a condition of forfeiture include the filing of a false statement; failure to protect the insured property; vacating a building after issuance of a fire insurance policy; and failing to obtain the insurer's consent before settling a claim. The unifying fact connecting each of those examples is an act of the insured that nullifies otherwise pre-existing coverage."

*Richardson v. Guardian Life Ins. Co.*, 161 Or App 615, 625, 984 P2d 917, *rev den*, 329 Or 553 (1999) (ellipses in original; internal quotation marks and citations omitted).

In contrast to a condition of forfeiture, "[a] condition precedent is one that must occur before liability arises

on the promise that the condition qualifies." *Phoenix-Talent School Dist. #4 v. Hamilton*, 229 Or App 67, 73, 210 P3d 908, *adh'd to on recons*, 230 Or App 330, 215 P3d 111, *rev den*, 347 Or 348 (2009); *see also Dan Bunn, Inc. v. Brown*, 285 Or 131, 142-43, 590 P2d 209 (1979) (stating that conditions precedent are facts that arise subsequent to the formation of the contract that must exist or occur before there is a right to expect performance from the other side). A condition precedent is a contractual condition that is based on "an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." *Wright*, 223 Or App at 370 n 14 (internal quotation marks omitted).

Oregon appellate courts have not addressed whether an insured's contractual duty to participate in a medical examination, which appears in an insurance policy that provides PIP benefits, is a condition precedent to obtaining benefits or a condition of forfeiture. Based on our analysis below, we conclude that the State Farm PIP policy at issue here, which permitted State Farm to require a medical examination to determine whether medical expenses are "reasonable * * * for the bodily injury sustained," is a condition precedent to the insured's ability to obtain PIP benefits and not a condition of forfeiture of those benefits if the insured refuses to proceed with the examination. (Boldface and emphasis omitted.)

The construction of an insurance contract is a question of law. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 469, 836 P2d 703 (1992). As noted at the outset, in its PIP policy, as required by Oregon law, State Farm agreed to pay an insured "personal injury protection benefits in accordance with the Personal Injury Protection Act" for an insured's bodily injury "caused by accident resulting from the occupancy, maintenance or use of a motor vehicle." (Emphasis and boldface omitted.) State Farm then reserved the right to "use a medical examination of the injured person to determine if: (1) the bodily injury was caused by a motor vehicle accident; and (2) the expenses incurred are reasonable medical expenses for the bodily injury sustained[.]" The State Farm policy, however, did not state the consequence of

an insured's failure to participate in a properly compelled medical examination.[9]

In this case, plaintiff did not act to nullify pre-existing coverage. Rather, plaintiff interfered with State Farm's analysis of whether it believed coverage for the medical expenses was appropriate in the first instance. Plaintiff's failure to participate in the medical examination, at least as of the summary judgment hearing, interfered with State Farm's contractual right, which is otherwise uncontested here, to examine plaintiff to determine whether plaintiff's medical expenses were "reasonable and necessary."

Plaintiff had a right to reimbursement of all reasonable and necessary medical expenses (up to a $15,000 statutory cap). As discussed, plaintiff did not contest that State Farm at least had a legal right under the insurance policy to obtain a medical examination of plaintiff to determine, at least from State Farm's view, if (1) plaintiff's injury "was caused by a motor vehicle accident" and (2) "the expenses incurred are reasonable medical expenses for the bodily injury sustained." (Boldface and emphasis omitted.) Under those circumstances, plaintiff's participation in a medical examination was a condition precedent to State Farm's obligation to pay plaintiff's reasonable and necessary medical expenses. *See Gerke v. Travelers Cas. Ins. Co. of America*, 815 F Supp 2d 1190, 1202 (D Or 2011) (concluding that an insurance policy's grant of the right to require an examination under oath prior to coverage was a condition precedent in commercial business and auto insurance policies). *But see Kachan v. Country Preferred Ins. Co.*, 279 Or App 403, 409 n 3, 379 P3d 829 (2016) (not deciding whether the insured or the insurer would bear the burden to prove that the insured was reasonable or unreasonable in failing to participate in an examination under oath where the insurance policy stated that the insurer could "reasonably require" such an examination). Accordingly, while the trial court undertook a different legal analysis in granting State Farm summary judgment and dismissing plaintiff's PIP claims—although

---

[9] As noted, the record consists of two pages of an apparently longer State Farm policy, including provisions relevant to PIP benefits, but the entire policy was not included in the record by either party.

both a condition-of-forfeiture and condition-precedent argument were made below—the trial court did not err in granting State Farm summary judgment.[10]

Finally, plaintiff maintains that she created a fact issue that prevented summary judgment for State Farm by presenting facts that (1) she did not act unreasonably in failing to attend the medical examination and (2) her continued failure to appear at the medical examination did not prejudice State Farm's ability to assess whether her claims were reasonable. Plaintiff contends that State Farm would have denied plaintiff's claim even if plaintiff had attended the medical examination because the examination always favors the insurer. Plaintiff also argued below, without supporting facts, that State Farm had already made the decision to deny plaintiff's PIP claims before asking for the medical examination. Even assuming all of those arguments are relevant to a condition-precedent analysis, rather than to a condition of forfeiture, the trial court ruled that plaintiff failed to create a material issue of fact on any of those issues. We agree with the trial court that plaintiff failed to create any disputed issues of material fact.

In sum, we affirm both the trial court's denial of plaintiff's motion for partial summary judgment and its grant of defendant's motion for summary judgment.[11]

Affirmed.

---

[10] State Farm argued that the trial court could grant summary judgment based on either a condition-of-forfeiture or a condition-precedent analysis and plaintiff responded to those arguments. As noted, the trial court, in discussing the prejudice to State Farm caused by plaintiff's ongoing failure to attend the medical examination, appeared to resolve the summary judgment motion based on a condition-of-forfeiture analysis. "When a trial court makes a ruling, we will affirm that ruling on appeal, even if the trial court's legal reasoning for the ruling was erroneous, if another legally correct reason, and to the extent necessary, the record in the trial court support the ruling." *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659, 20 P3d 180 (2001) (internal quotation marks omitted).

[11] We note that we do not address what effect plaintiff's failure to meet a condition precedent has on plaintiff's future ability to file a new PIP claim based on the same events. Because that issue is not before us, we do not reach it here.