ORTEGA, P. J.
*692 Plaintiff appeals a limited judgment entered in favor of defendant, Allstate Fire and Casualty Insurance Company (Allstate), assigning error to the trial court's grant of Allstate's motion for summary judgment. Plaintiff filed an action to recover personal injury protection (PIP) benefits, and Allstate moved for summary judgment arguing that, as a matter of law, it was not required to pay PIP benefits until plaintiff submitted to an examination under oath (EUO). However, *1047 plaintiff asserted that, because Allstate failed to pay or deny the PIP benefits within 60 days of receiving her medical bills as required by ORS 742.524(1)(a),[1] she was not required to attend the EUO. The trial court granted Allstate's motion on the grounds that plaintiff's refusal to submit to the EUO was not excused because Allstate did not materially breach the insurance policy by failing to pay PIP benefits within 60 days. For the reasons stated below, we conclude that the trial court did not err in granting Allstate's motion for summary judgment and, therefore, we affirm.
In reviewing the trial court's summary judgment ruling, we view the evidence in the light most favorable to plaintiff (the nonmoving party) to determine whether there are genuine issues of material fact that preclude summary judgment and whether defendant was entitled to judgment as a matter of law. ORCP 47 C; Hinchman v. UC Market, LLC , 270 Or. App. 561, 566, 348 P.3d 328 (2015). We state the facts consistently with that standard and, because most of the facts relating to plaintiff's motor vehicle liability insurance with Allstate are intertwined with PIP liability coverage under ORS 742.520 and ORS 742.524, we discuss the facts and the statute together.
Through a liability insurance policy, Allstate provided plaintiff with PIP benefits coverage and promised to *693 pay, among other things, medical and hospital expenses if the injury was caused by a motor vehicle accident. While driving, plaintiff was in a car accident on January 16, 2015, in which the other driver accepted fault. Under ORS 742.520(4), an insurer is required to pay all PIP benefits "promptly after proof of loss has been submitted to the insurer," and plaintiff submitted a notice of loss to Allstate on January 21. Because plaintiff informed Allstate that there was a passenger in the car, Allstate sent letters to both plaintiff and her passenger, with PIP applications attached, to obtain the necessary documentation to process their claims.
Plaintiff submitted some of her medical bills on August 3, and Allstate acknowledged receipt of them but stated that payment was "pended for further investigation while outstanding issues [were] resolved." Plaintiff, through her attorney, submitted a letter dated August 26, listing the total amount of medical expenses, and she attached a signed PIP application along with copies of the medical bills she had submitted previously. Allstate suspected that plaintiff was actually alone in her car at the time of the accident and, on October 1, requested that plaintiff submit to an EUO to allow for further investigation of her claims, a request that was consistent with the provision in plaintiff's policy stating that Allstate "may also require any person making [a PIP] claim to submit to examinations under oath." Plaintiff refused that request. In a letter to Allstate, plaintiff contended that Allstate had breached its duty to pay the PIP benefits promptly as required by ORS 742.520(4) and ORS 742.524(1)(a) and, therefore, she was not obligated to submit to the EUO. She then filed this action for breach of the insurance contract on October 19. In response, Allstate filed a motion for summary judgment on the grounds that plaintiff could not assert a claim for breach because, by refusing to submit to an EUO, plaintiff was not in "full compliance with all the terms of the policy."
Under ORS 742.524(1)(a), medical bills are "presumed to be reasonable and necessary unless the provider is given notice of denial of the charges not more than 60 calendar days after the insurer receives from the provider notice of the claim for the services." Thus, the statute creates a *694 rebuttable presumption for PIP claims, which the Supreme Court explained in Ivanov v. Farmers Ins. Co. , 344 Or 421, 429, 185 P.3d 417 (2008) :
"[T]he presumption established by the legislature in ORS 742.524(1)(a) attaches to PIP claims at their inception and, once *1048 established, functions as any other civil presumption, i.e. , it shifts the burden of proof to the party against whom it is directed-in this case, the insurer. That means that the legislature intended that, under ORS 742.524(1)(a), the presumption would operate as follows: When a healthcare provider submits a PIP claim for medical expenses on behalf of an insured, the expenses are presumed to be reasonable and necessary. An insurer may issue a timely denial of a claim to a provider and, once it does so, the expenses are no longer entitled to that presumption."
At the summary judgment hearing, Allstate argued that under the policy and our case law, Allstate had a right to conduct an EUO before plaintiff could assert a claim for breach of contract. Plaintiff argued in response that she was not required to attend the EUO because Allstate had already breached its duty to pay the PIP benefits. In plaintiff's view, when Allstate received her medical bills on August 3, 2015, ORS 742.524(1)(a) imposed a duty to pay or deny the PIP benefits within 60 days of that date, and Allstate's failure to do so constituted a material breach excusing the requirement that she attend the EUO. Allstate responded that ORS 742.524(1) merely provides that, if an insurer denies payment on medical expenses within 60 days, plaintiff then bears the burden to prove that they were reasonable and necessary and that, otherwise, the medical expenses are presumed to be reasonable and necessary. In this case, because Allstate had not denied payment within 60 days, the bills would be presumed to be reasonable and necessary.
The trial court agreed with Allstate and concluded that ORS 742.524(1) does not
"set up a requirement to pay within 60 days * * * [but] actually creates a presumption that the bills are reasonable and necessary from that point on. So * * * there was [not] a material breach by Allstate, simply because it hadn't paid them within the 60 days * * * [and] there was [not] grounds under the policy or the statute for [plaintiff] to decline to *695 submit to the EUO. And as a consequence, * * * she is precluded from maintaining this action[.]"
On appeal, plaintiff concedes that attending the EUO is a condition precedent[2] to filing a PIP action. However, she reprises her argument that Allstate breached its promise to pay or deny her medical bills within 60 days of receiving them on August 3, which she claims ORS 742.524(1)(a) requires. Plaintiff asserts that in McBride v. State Farm Mutual Automobile Ins. Co. , 282 Or. App. 675, 386 P.3d 679 (2016), rev. den. , 361 Or. 240, 392 P.3d 323 (2017), we suggested, without deciding, that the consequence of the insurer's breach of the policy was that it had no legal right to enforce a condition precedent.
Allstate argues, as it did below, that failing to pay or deny PIP benefits within 60 days does not constitute breach of its duty under the policy. It asserts that its position is consistent with McBride in that the 60-day requirement in the statute only creates a presumption-not a conclusion-that the bills are reasonable and necessary, and that failing to pay or deny plaintiff's PIP claim within 60 days means that the presumption that they are reasonable and necessary is maintained. Plaintiff agrees that ORS 742.524(1) creates a rebuttable presumption but nevertheless contends that, "until that presumption has been rebutted, the medical bills are immediately payable on the 61st day after presentation, and Allstate's failure to pay them constitutes a breach."
Here, we reject plaintiff's reading of ORS 742.524(1) and her interpretation of McBride . Nothing in McBride suggests that ORS 742.524(1) mandates payment of PIP benefits within 60 days of an insurer receiving the bills. Indeed, ORS 742.520(4) requires that the insurer pay the PIP benefits "promptly" and ORS 742.524(1)(a) does establish a "requirement for an insurance company to provide a written denial [of PIP benefits] within *1049 60 calendar days." McBride , 282 Or. App. at 685, 386 P.3d 679. However, contrary to plaintiff's view, as we have *696 previously held, that 60-day requirement in ORS 742.524 (1)(a) operates to create a rebuttable presumption that the medical bills are reasonable and necessary; it becomes Allstate's burden to rebut the presumption in that instance. Id. at 686-87, 386 P.3d 679 ("The presumption that the PIP claims include only reasonable and necessary medical expenses exists from the filing of the claims and, if not timely denied, the burden is on the insurer to prove that the medical expenses are not reasonable and necessary." (Emphasis in original.) ); see also Ivanov , 344 Or. at 429, 185 P.3d 417. However, that does not mean, as plaintiff suggests, that Allstate is statutorily required to pay or deny the PIP benefits within 60 days. Therefore, Allstate did not breach its duty under the policy under these circumstances.
Furthermore, because plaintiff failed to submit to an EUO before filing her cause of action, the trial court correctly granted summary judgment in favor of Allstate. Plaintiff does not dispute that, under the terms of the policy, Allstate was allowed to "require any person making [a PIP] claim to submit to examinations under oath," and as the trial court correctly concluded, plaintiff had no grounds under the policy or the statute to decline to submit to the EUO. Therefore, because Allstate did not breach its duty under the insurance policy and the record would not permit a reasonable factfinder to find that plaintiff was excused from submitting to the EUO, the trial court did not err in granting Allstate's motion for summary judgment.
Affirmed.

ORS 742.524(1) provides, in part:
"Personal injury protection benefits as required by ORS 742.520 shall consist of the following payments for the injury or death of each person:
"(a) All reasonable and necessary expenses of medical, hospital, dental, surgical, ambulance and prosthetic services incurred within one year after the date of the person's injury, but not more than $15,000 in the aggregate for all such expenses of the person."

A condition precedent is a contractual condition, which "is an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." Wright v. State Farm Mutual Automobile Ins. Co. , 223 Or. App. 357, 370 n. 14, 196 P.3d 1000 (2008) (citation and internal quotation marks omitted).